UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
SECURITIES AND EXCHANGE          :          Civil Action No.  12 CIV 7728 (GBD)
COMMISSION,

                                  :

Plaintiff,

                                  :          **ANSWER**

         -against-

                                  :

YORKVILLE ADVISORS, LLC, MARK               **JURY TRIAL DEMANDED**
ANGELO and EDWARD SCHINIK,          :

Defendants.                            :
--------------------------------------------------------- X

       Defendants Yorkville Advisors, LLC ("Yorkville"), Mark Angelo, and Edward Schinik (collectively, "Defendants") deny each and every allegation in Plaintiff the Securities and Exchange Commission's ("Plaintiff" or the "SEC") Complaint dated October 17, 2012 (the "Complaint") except as specifically admitted below.  Specifically responding to the allegations contained in the Complaint,[1] and subject to and without waiving the other defenses stated below, Defendants state as follows:

**SUMMARY OF ALLEGATIONS**

       1.     Defendants deny the allegations in paragraph 1 of the Complaint, except state that allegations concerning the status of Yorkville as an "investment advisor" are conclusions of law to which no response is required and admit that Yorkville is based in New Jersey, that Mark Angelo is Yorkville's founder and president, that Edward Schinik is Yorkville's chief financial officer, and that McGladrey & Pullen LLP ("McGladrey") was the auditor to the funds managed by Yorkville from 2006 until 2011.

---

[1] The headings in the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations included in the Complaint's headings.

2.      Based on the Court's August 2, 2013 Decision and Order (the "Order"), no response is required to the allegations in paragraph 2 of the Complaint.  To the extent a response is required, Defendants deny the allegations in paragraph 2 of the Complaint.

3.      The allegations in paragraph 3 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 3 of the Complaint.

## VIOLATIONS

4.      The allegations in paragraph 4 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 4 of the Complaint.

5.      The allegations in paragraph 5 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 5 of the Complaint.

6.      The allegations in paragraph 6 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.      The allegations contained in paragraph 7 of the Complaint are legal conclusions to which no response is required.

8.      The allegations contained in paragraph 8 of the Complaint are legal conclusions to which no response is required.

9.      Defendants deny the allegations in paragraph 9 of the Complaint.

## DEFENDANTS

10.     The allegations in paragraph 10 of the Complaint concerning the status of Yorkville as an "investment adviser" is a legal conclusion to which no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations, concerning "communications with investors," in paragraph 10 of the Complaint, except admit that Yorkville is located in Jersey City, New Jersey, that Yorkville is organized as a Delaware Limited Liability Company and that Yorkville registered with the SEC on June 13, 2012.

11.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, concerning "promotional materials," in paragraph 11 of the Complaint. Defendants admit that Mr. Angelo maintains a residence in Westfield, New Jersey and was 40 years of age when the Complaint was filed, and that Mr. Angelo is Yorkville's founder and president, and is the portfolio manager of the funds advised by Yorkville. Defendants further admit that Angelo is the majority owner of Yorkville and is the majority owner and managing member of Yorkville Advisors GP, LLC. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint.

12.     Defendants admit the allegations in paragraph 12 of the Complaint except state that Mr. Schinik was 47 years of age when the Complaint was filed.

## RELEVANT ENTITIES

13.     Defendants admit the allegations in paragraph 13 of the Complaint.

14.     Defendants admit the allegations in paragraph 14 of the Complaint.

15.     Defendants admit the allegations in paragraph 15 of the Complaint.

16.     Defendants admit the allegations in paragraph 16 of the Complaint.

**FACTS**

17.     Defendants deny the allegations in paragraph 17 of the Complaint.  Defendants further state that reference should be made to the full documents incompletely identified in paragraph 17, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

18.     Defendants deny the allegations in paragraph 18 of the Complaint, except admit that Yorkville utilizes a variety of structured products in making investments, including convertible or straight debt instrument, convertible preferred securities, and Standby Equity Distribution Agreements ("SEDAs").

19.     Defendants deny the allegations in paragraph 19 of the Complaint.  Defendants further state that reference should be made to the full documents or communications incompletely identified in paragraph 19, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

20.     Defendants deny the allegations in paragraph 20 of the Complaint.  Defendants further state that reference should be made to the full documents or communications incompletely identified in paragraph 20, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

21.     Defendants deny the allegations in paragraph 21 of the Complaint.  Defendants further state that reference should be made to the full documents or communications incompletely identified in paragraph 21, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

22.     Defendants deny the allegations in paragraph 22 of the Complaint.

23.     Defendants deny the allegations in paragraph 23 of the Complaint, except admit that Yorkville earned a management fee based on a percentage of the net worth of each fund. Defendants further state that reference should be made to the full documents incompletely identified in paragraph 23, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

24.     Defendants deny the allegations in paragraph 24 of the Complaint, except admit that the funds managed by Yorkville paid an incentive fee to Yorkville.

25.     Based on the Order, no response is required to the allegations in paragraph 25 of the Complaint.   To the extent a response is required, Defendants deny the allegations in paragraph 25 of the Complaint.

26.     Based on the Order, no response is required to the allegations in paragraph 26 of the Complaint.  To the extent a response is required, Defendants deny the allegation in paragraph 26 of the Complaint.   Defendants further state that reference should be made to the full communication incompletely identified in paragraph 26, within the full context of the contemporaneous and surrounding circumstances.

27.     Based on the Order, no response is required to the allegations in paragraph 27 of the Complaint.   To the extent a response is required, Defendants deny the allegations in paragraph 27 of the Complaint concerning the Private Placement Memorandum ("PPM") and refer the Court to the PPM itself for a true and correct statement of its contents.  The remaining allegations contained in paragraph 27 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 27 of the Complaint.  Defendants further state that reference should be made to the

full document incompletely identified in paragraph 27, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

28.     Based on the Order, no response is required to the allegations in paragraph 28 of the Complaint.   To the extent a response is required, Defendants deny the allegations in paragraph 28 of the Complaint and refer the Court to the PPM itself for a true and correct statement of its contents.   Defendants further state that reference should be made to the full document incompletely identified in paragraph 28, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

29.     Based on the Order, no response is required to the allegations in paragraph 29 of the Complaint.   To the extent a response is required, Defendants deny the allegations in paragraph 29 of the Complaint and refer the Court to Yorkville's Compliance Policies & Valuation Manual ("Compliance Manual") for a true and correct statement of its contents. Defendants further state that reference should be made to the full document incompletely identified in paragraph 29, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

30.     Based on the Order, no response is required to the allegations in paragraph 30 of the Complaint.  To the extent a response is required, Defendants deny the allegation in paragraph 30 of the Complaint and refer the Court to Yorkville's Compliance Manual for a true and correct statement of its contents.   Defendants further state that reference should be made to the full document incompletely identified in paragraph 30, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

31.     Based on the Order, no response is required to the allegations in paragraph 31 of the Complaint.  To the extent a response is required, Defendants deny the allegation in paragraph

31 of the Complaint and refer the Court to Yorkville's Compliance Manual for a true and correct statement of its contents. Defendants further state that reference should be made to the full document incompletely identified in paragraph 31, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

32.     Based on the Order, no response is required to the allegations in paragraph 32 of the Complaint. To the extent a response is required, Defendants deny the allegation in paragraph 32 of the Complaint and refer the Court to Yorkville's Compliance Manual for a true and correct statement of its contents. Defendants further state that reference should be made to the full document incompletely identified in paragraph 32, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

33.     Based on the Order, no response is required to the allegations in paragraph 33 of the Complaint. To the extent a response is required, Defendants deny the allegations in paragraph 33 of the Complaint and refer the Court to Yorkville's Compliance Manual for a true and correct statement of its contents. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the "promotional material" discussed in paragraph 33 of the Complaint. Defendants further state that reference should be made to the full documents, including the Compliance Manual and "promotional material," incompletely identified in paragraph 33, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

34.     Based on the Order, no response is required to the allegations in paragraph 34 of the Complaint. To the extent a response is required, Defendants deny the allegations in paragraph 34 of the Complaint and refer the Court to Yorkville's pitch books and due diligence questionnaires for a true and correct statement of its contents. Defendants further state that

reference should be made to the full documents incompletely identified in paragraph 34, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

35.     Based on the Order, no response is required to the allegations in paragraph 35 of the Complaint.   To the extent a response is required, Defendants deny the allegations in paragraph 35 of the Complaint, except admit that in 2008 and onward, its valuation policy complied with Statement of Financial Accounting Standards ("SFAS") 157.

36.     Based on the Order, no response is required to the allegations in paragraph 36 of the Complaint.   To the extent a response is required, Defendants deny the allegations in paragraph 36 of the Complaint.  Defendants further state that reference should be made to the full document incompletely identified in paragraph 36, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

37.     Based on the Order, no response is required to the allegations in paragraph 37 of the Complaint.   To the extent a response is required, Defendants deny the allegations in paragraph 37 of the Complaint.  Defendants further state that reference should be made to the full documents incompletely identified in paragraph 37, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

38.     Based on the Order, no response is required to the allegations in paragraph 38 of the Complaint.   To the extent a response is required, Defendants deny the allegations in paragraph 38 of the Complaint.

39.     Based on the Order, no response is required to the allegations in paragraph 39 of the Complaint.   To the extent a response is required, Defendants deny the allegations in paragraph 39 of the Complaint.

40.     Based on the Order, no response is required to the allegations in paragraph 40 of the Complaint.   To the extent a response is required, Defendants deny the allegations in paragraph 40 of the Complaint.

41.     Based on the Order, no response is required to the allegations in paragraph 41 of the Complaint.   To the extent a response is required, Defendants deny the allegations in paragraph 41 of the Complaint.

42.     Based on the Order, no response is required to the allegations in paragraph 42 of the Complaint.   To the extent a response is required, Defendants deny the allegations in paragraph 42 of the Complaint and respond as follows:

a.   Defendants deny the allegations in subpart (a) to paragraph 42 of the Complaint, except admit that Yorkville was an investor in FutureMedia PLC.  Defendants further state that reference should be made to the full documents incompletely identified in subpart (a) to paragraph 42, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

b.   Defendants deny the allegations in subpart (b) to paragraph 42 of the Complaint, except admit that Yorkville was an investor in Smartire Systems, Inc.  Defendants further state that reference should be made to the full documents incompletely identified in subpart (b) to paragraph 42, or from which passages were

purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

c.  Defendants deny the allegations in subpart (c) to paragraph 42 of the Complaint, except admit that Yorkville was an investor in Levitz Furniture, Inc.  Defendants further state that reference should be made to the full documents incompletely identified in subpart (c) to paragraph 42, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

d.  Defendants deny the allegations in subpart (d) to paragraph 42 of the Complaint, except admit that Yorkville was an investor in Isonics Corporation.  Defendants further state that reference should be made to the full documents incompletely identified in subpart (d) to paragraph 42, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

e.  Defendants deny the allegations in subpart (e) to paragraph 42 of the Complaint, except admit that Yorkville was an investor in Wentworth Energy, Inc. Defendants further state that reference should be made to the full documents incompletely identified in subpart (e) to paragraph 42, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

f.  Defendants deny the allegations in subpart (f) to paragraph 42 of the Complaint, except admit that Yorkville was an investor in Falcon Natural Gas.  Defendants further state that reference should be made to the full documents incompletely

10

identified in subpart (f) to paragraph 42, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

g.   Defendants deny the allegations in subpart (g) to paragraph 42 of the Complaint, except admit that Yorkville was an investor in NewGen Technologies. Defendants further state that reference should be made to the full documents incompletely identified in subpart (g) to paragraph 42, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

43.   Based on the Order, no response is required to the allegations in paragraph 43 of the Complaint.   To the extent a response is required, Defendants deny the allegations in paragraph 43 of the Complaint.

44.   Based on the Order, no response is required to the allegations in paragraph 44 of the Complaint.   To the extent a response is required, Defendants deny the allegations in paragraph 44 of the Complaint.

45.   Based on the Order, no response is required to the allegations in paragraph 45 of the Complaint.   To the extent a response is required, Defendants deny the allegations in paragraph 45 of the Complaint.

46.   Based on the Order, no response is required to the allegations in paragraph 46 of the Complaint.   To the extent a response is required, Defendants deny the allegations in paragraph 46 of the Complaint.

47.     Based on the Order, no response is required to the allegations in paragraph 47 of the Complaint.   To the extent a response is required, Defendants deny the allegations in paragraph 47 of the Complaint.

48.     Based on the Order, no response is required to the allegations in paragraph 48 of the Complaint.   To the extent a response is required, Defendants deny the allegations in paragraph 48 of the Complaint.

49.     Based on the Order, no response is required to the allegations in paragraph 49 of the Complaint.   To the extent a response is required, Defendants deny the allegations in paragraph 49 of the Complaint.

50.     Based on the Order, no response is required to the allegations in paragraph 50 of the Complaint.   To the extent a response is required, Defendants deny the allegations in paragraph 50 of the Complaint.

51.     Based on the Order, no response is required to the allegations in paragraph 51 of the Complaint.  To the extent a response is required, Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     Based on the Order, no response is required to the allegations in paragraph 52 of the Complaint.  To the extent a response is required, Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.     Based on the Order, no response is required to the allegations in paragraph 53 of the Complaint.  To the extent a response is required, Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint.

54.     Based on the Order, no response is required to the allegations in paragraph 54 of the Complaint.  To the extent a response is required, Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.     Based on the Order, no response is required to the allegations in paragraph 55 of the Complaint.  To the extent a response is required, Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.     Based on the Order, no response is required to the allegations in paragraph 56 of the Complaint.  To the extent a response is required, Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.     Based on the Order, no response is required to the allegations in paragraph 57 of the Complaint.  To the extent a response is required, Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.     Based on the Order, no response is required to the allegations in paragraph 58 of the Complaint.  To the extent a response is required, Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.     Based on the Order, no response is required to the allegations in paragraph 59 of the Complaint.  To the extent a response is required, Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.     Based on the Order, no response is required to the allegations in paragraph 60 of the Complaint.  To the extent a response is required, Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.     Based on the Order, no response is required to the allegations in paragraph 61 of the Complaint.  To the extent a response is required, Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.     Based on the Order, no response is required to the allegations in paragraph 62 of the Complaint.  To the extent a response is required, Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.     Based on the Order, no response is required to the allegations in paragraph 63 of the Complaint.  To the extent a response is required, Defendants deny the allegations contained in paragraph 63 of the Complaint.  Defendants further state that reference should be made to the full documents incompletely identified in paragraph 63, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

64.     Based on the Order, no response is required to the allegations in paragraph 64 of the Complaint.  To the extent a response is required, Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.     Based on the Order, no response is required to the allegations in paragraph 65 of the Complaint.  To the extent a response is required, Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.     Based on the Order, no response is required to the allegations in paragraph 66 of the Complaint.  To the extent a response is required, Defendants deny the allegations contained in paragraph 66 of the Complaint.  Defendants further state that reference should be made to the full document incompletely identified in paragraph 66, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

67.     Based on the Order, no response is required to the allegations in paragraph 67 of the Complaint.  To the extent a response is required, Defendants deny the allegations contained in paragraph 67 of the Complaint.  Defendants further state that reference should be made to the full documents incompletely identified in paragraph 67, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

68.     Based on the Order, no response is required to the allegations in paragraph 68 of the Complaint.  To the extent a response is required, Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.     Defendants deny the allegations in paragraph 69 of the Complaint.

70.     Defendants deny the allegations in paragraph 70 of the Complaint.

71.     Defendants deny the allegations in paragraph 71 of the Complaint.

72.     Defendants deny the allegations in paragraph 72 of the Complaint.

73.     Defendants deny the allegations in paragraph 73 of the Complaint.

74.     Defendants deny the allegations in paragraph 74 of the Complaint.

75.     Defendants deny the allegations in paragraph 75 of the Complaint.

76.     Based on the Order, no response is required as to the allegations in paragraph 76 of the Complaint concerning Defendants' purported misrepresentations to investors and prospective investors regarding Pluris Valuation Advisors, LLC ("Pluris").  To the extent a response is required and as to the remaining allegations, Defendants deny the allegations contained in paragraph 76 of the Complaint.

77.     Mr. Schinik denies the allegations contained in paragraph 77 of the Complaint that are directed towards him.  Defendants deny the allegations contained in paragraph 77 of the

Complaint, except admit that Yorkville engaged Pluris to assist Yorkville in valuing certain aspects of its portfolio.

78.     Defendants deny the allegations in paragraph 78 of the Complaint.  Defendants further state that reference should be made to the full document incompletely identified in paragraph 78, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

79.     Defendants deny the allegations in paragraph 79 of the Complaint.  Defendants further state that reference should be made to the full document incompletely identified in paragraph 79, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

80.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, concerning Pluris's CEO, in paragraph 80 of the Complaint.  Defendants deny the remaining allegations in paragraph 80 of the Complaint.

81.     Based on the Order, no response is required to the allegations in paragraph 81 of the Complaint.  To the extent a response is required and as to the remaining allegations, Defendants deny the allegations contained in paragraph 81 of the Complaint.

82.     Based on the Order, no response is required to the allegations in paragraph 82 of the Complaint.  To the extent a response is required and as to the remaining allegations, Defendants deny the allegations contained in paragraph 82 of the Complaint.  Defendants further state that reference should be made to the full document incompletely identified in paragraph 82, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

83.     Based on the Order, no response is required to the allegations in paragraph 83 of the Complaint.   To the extent a response is required and as to the remaining allegations, Defendants deny the allegations contained in paragraph 83 of the Complaint.  Defendants further state that reference should be made to the full document incompletely identified in paragraph 83, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

84.     Based on the Order, no response is required to the allegations in paragraph 84 of the Complaint.   To the extent a response is required and as to the remaining allegations, Defendants deny the allegations contained in paragraph 84 of the Complaint.  Defendants further state that reference should be made to the full document incompletely identified in paragraph 84, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

85.     Based on the Order, no response is required to the allegations in paragraph 85 of the Complaint.   To the extent a response is required and as to the remaining allegations, Defendants deny the allegations contained in paragraph 85 of the Complaint.

86.     Based on the Order, no response is required to the allegations in paragraph 86 of the Complaint.   To the extent a response is required and as to the remaining allegations, Defendants deny the allegations contained in paragraph 86 of the Complaint.

87.     Defendants deny the allegations in paragraph 87 of the Complaint.

88.     Defendants refer the Court to YA Global's 2008 audited financial statements for a true and correct statement of their contents.  Defendants further state that reference should be made to the full document incompletely identified in paragraph 88, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding

17

circumstances.  Defendants further admit that the "third party" referred to on page 19 of YA Global's 2008 audited financial statements, in the sentence: "[f]or certain investments, the Partnership engages a third-party to either independently determine values or is used to assess the reasonableness of the Partnership's fair value," is Pluris Valuation Advisors.

89.     Defendants deny the allegations in paragraph 89 of the Complaint.  Defendants further state that reference should be made to the full documents incompletely identified in paragraph 89, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

90.     Defendants deny the allegations in paragraph 90 of the Complaint.  Defendants further state that reference should be made to the full documents incompletely identified in paragraph 90, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

91.     Defendants deny the allegations in paragraph 91 of the Complaint.

92.     Defendants deny the allegations in paragraph 92 of the Complaint.  Defendants further state that reference should be made to the full documents incompletely identified in paragraph 92, or from which passages were purportedly taken, within the full context of the contemporaneous and surrounding circumstances.

93.     The allegations contained in paragraph 93 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

## FIRST CLAIM FOR RELIEF

94.     Defendants repeat their previous denials, admissions, and averments, and reincorporate the answers to paragraphs 1 through 93 of this Answer as if fully set forth herein.

95.     Defendants deny the allegations in paragraph 95 of the Complaint.

96.     The allegations in paragraph 96 of the Complaint are legal conclusions to which no response is required, and to the extent a response is required, Defendants deny the allegations in paragraph 96 of the Complaint.

## SECOND CLAIM FOR RELIEF

97.     Defendants repeat their previous denials, admissions, and averments, and reincorporate the answers to paragraphs 1 through 96 of this Answer as if fully set forth herein.

98.     Defendants deny the allegations in paragraph 98 of the Complaint.

99.     The allegations in paragraph 99 of the Complaint are legal conclusions to which no response is required, and to the extent a response is required, Defendants deny the allegations in paragraph 99 of the Complaint.

## THIRD CLAIM FOR RELIEF

100.    Defendants repeat their previous denials, admissions, and averments, and reincorporate the answers to paragraphs 1 through 99 of this Answer as if fully set forth herein.

101.    The allegation in paragraph 101 of the Complaint is a legal conclusion to which no response is required, and to the extent a response is required, Defendants deny the allegation in paragraph 101 of the Complaint.

102.    The allegation in paragraph 102 of the Complaint is a legal conclusion to which no response is required, and to the extent a response is required, Defendants deny the allegation in paragraph 102 of the Complaint.

103.    Defendants deny the allegations in paragraph 103 of the Complaint.

104.    The allegations in paragraph 104 of the Complaint are legal conclusions to which no response is required, and to the extent a response is required, Defendants deny the allegations in paragraph 104 of the Complaint.

105.    The allegations in paragraph 105 of the Complaint are legal conclusions to which no response is required, and to the extent a response is required, Defendants deny the allegations in paragraph 105 of the Complaint.

**FOURTH CLAIM FOR RELIEF**

106.    Defendants repeat their previous denials, admissions, and averments, and reincorporate the answers to paragraphs 1 through 105 of this Answer as if fully set forth herein.

107.    The allegations in paragraph 107 of the Complaint are legal conclusions to which no response is required.

108.    The allegations in paragraph 108 of the Complaint are legal conclusions to which no response is required, and to the extent a response is required, Defendants deny the allegations in paragraph 108 of the Complaint.

109.    Defendants deny the allegations in paragraph 109 of the Complaint.

110.    The allegations in paragraph 110 of the Complaint are legal conclusions to which no response is required, and to the extent a response is required, Defendants deny the allegations in paragraph 110 of the Complaint.

**FIFTH CLAIM FOR RELIEF**

111.    Defendants repeat their previous denials, admissions, and averments, and reincorporate the answers to paragraphs 1 through 110 of this Answer as if fully set forth herein.

112.    Defendants deny the allegations in paragraph 112 of the Complaint.

113.    The allegations in paragraph 113 of the Complaint are legal conclusions to which no response is required, and to the extent a response is required, Defendants deny the allegations in paragraph 113 of the Complaint.

## SIXTH CLAIM FOR RELIEF

114.    Defendants repeat their previous denials, admissions, and averments, and reincorporate the answers to paragraphs 1 through 113 of this Answer as if fully set forth herein.

115.    The allegations in paragraph 115 of the Complaint are legal conclusions to which no response is required, and to the extent a response is required, Defendants deny the allegations in paragraph 115 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

116.    Defendants repeat their previous denials, admissions, and averments, and reincorporate the answers to paragraphs 1 through 115 of this Answer as if fully set forth herein.

117.    The allegations in paragraph 117 of the Complaint are legal conclusions to which no response is required.

118.    The allegations in paragraph 118 of the Complaint are legal conclusions to which no response is required, and to the extent a response is required, Defendants deny the allegations in paragraph 118 of the Complaint.

## EIGHTH CLAIM FOR RELIEF

119.    Defendants repeat their previous denials, admissions, and averments, and reincorporate the answers to paragraphs 1 through 118 of this Answer as if fully set forth herein.

120.    The allegations in paragraph 120 of the Complaint are legal conclusions to which no response is required.

121.    The allegations in paragraph 121 of the Complaint are legal conclusions to which no response is required, and to the extent a response is required, Defendants deny the allegations in paragraph 121 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested against them or any relief against them at all.

## AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses against Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action, in whole or in part, upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to plead allegations of securities fraud with the requisite level of specificity.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to allege that Defendants had knowledge of the alleged improper conduct.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the applicable statutes of limitations and/or the doctrines of estoppel, waiver, unclean hands, and/or laches.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint fails as a matter of law because the statements on which the claims are based did not contain untrue material facts, were statements of opinion, belief, expectations, and judgment, not statements of material fact, and/or did not omit to state a material fact necessary in

order to make the statements made, in the light of the circumstances under which they were made, not misleading.

## SIXTH AFFIRMATIVE DEFENSE

The statements alleged in the Complaint to have been made (or omitted), if any were in fact made (or omitted), had a basis in fact or a reasonable basis.

## SEVENTH AFFIRMATIVE DEFENSE

The statements alleged in the Complaint to have been made (or omitted), if any were in fact made (or omitted), were accompanied by sufficiently specific cautionary language such that no reasonable investor would have relied on the allegedly false or omitted statements.

## EIGHTH AFFIRMATIVE DEFENSE

Any alleged manipulative conduct supposedly undertaken by Defendants was undertaken inadvertently, and/or was undertaken wholly without scienter.

## NINTH AFFIRMATIVE DEFENSE

Defendants' acts, representations or omissions as alleged in the Complaint, to the extent they were made at all, were made in good faith, honestly, and not maliciously. Each of the acts, representations or omissions alleged in the Complaint to be false, misleading or manipulative, if made, which they were not, were made innocently and without knowledge of their purported falsity or manipulative effect.

## TENTH AFFIRMATIVE DEFENSE

Defendants relied in good faith upon the professional judgments and opinions of outside legal professionals to the extent provided or to the extent those judgments and opinions were refused to be provided.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants relied in good faith upon the professional judgments and opinions of accounting professionals to the extent provided or to the extent those judgments were refused to be provided.

## TWELTH AFFIRMATIVE DEFENSE

Any alleged harm, if caused, was not proximately caused by Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to add any additional defenses that subsequently become apparent during the course of this action.

Defendants may have other affirmative defenses against Plaintiff and therefore reserve all rights to assert such defenses as such defenses become available or apparent to them during pre-trial proceedings in this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court:

(a)     dismiss the Complaint filed by Plaintiff against Defendants in its entirety with prejudice;

(b)     that judgment be entered in favor of Defendants and against Plaintiff with respect to all causes of action in the Complaint;

(c)     award Defendants the costs, including attorneys' fees and disbursements, incurred as a result of this litigation; and

(d)     award Defendants such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants hereby demand a trial by jury on all issues so triable.

Dated: New York, New York          DLA PIPER LLP (US)
     August 14, 2013


By: /s/ Nicolas Morgan
    Caryn G. Schechtman
    David V. Sack

1251 Avenue of the Americas
New York, New York  10020
(212) 335-4500

Nicolas Morgan (admitted *pro hac vice*)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California  90067
(310) 595-3000

Megan K. Vesely
555 Mission Street, Suite 2400
San Francisco, California  94105
(415) 836-2500

*Attorneys for Defendants Yorkville Advisors,*
*LLC, Mark Angelo and Edward Schinik*