UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
SECURITIES AND EXCHANGE : 
COMMISSION,
                                      :        Civil Action No.:
               Plaintiff,         12 CIV 7728 (GBD) (HBP)
                                        :
        -against-
                                        :        ECF CASE
YORKVILLE ADVISORS, LLC, MARK
ANGELO and EDWARD SCHINIK,       :

               Defendants.       :
--------------------------------------------------------- X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS YORKVILLE ADVISORS, LLC, MARK ANGELO, AND EDWARD SCHINIK'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS REFERENCED IN PLAINTIFF'S JANUARY 25, 2013 AND FEBRUARY 15, 2013 PRIVILEGE LOGS

### DLA PIPER LLP (US)

Caryn G. Schechtman
Joshua S. Sohn
Megan K. Vesely
1251 Avenue of the Americas
New York, NY  10020
(212) 335-4500
caryn.schechtman@dlapiper.com
joshua.sohn@dlapiper.com
megan.vesely@dlapiper.com


Nicolas Morgan (admitted *pro hac vice*)
Patrick Hunnius (admitted *pro hac vice*)
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, CA  90067
(310) 595-3000
nicolas.morgan@dlapiper.com
patrick.hunnius@dlapiper.com

*Attorneys for Defendants Yorkville Advisors, LLC, Mark Angelo, and Edward Schinik*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................ 1

I.      FACTUAL & PROCEDURAL SUMMARY.................................................. 2

        A.      The SEC Responds With Two Deficient Privileged Logs.................... 2

        B.      Defendants Raise Objections to the Privilege Logs and Seek Court
                Intervention ........................................................................................ 7

II.     LEGAL ARGUMENT.................................................................................... 9

        A.      The SEC's Privilege Logs Fail to Comply with the Applicable Rules and
                Preclude an Assessment of the Validity of the SEC's Privilege Assertions........ 10

                1.      Insufficient Descriptions of Subject Matter of Withheld
                        Documents ........................................................................... 10

                2.      Failure to Disclose Names of Authors and Recipients of Withheld
                        Documents ........................................................................... 12

        B.      The SEC Fails to Establish Entitlement to the Protection of Any Privilege........ 14

                1.      The SEC Does Not Establish the Elements of the Privileges Raised ...... 14

                2.      The SEC's Privilege Assertions Fail to Establish the Applicability
                        of Particular Privileges, are Contradictory or Nonexistent ..................... 16

        C.      The SEC Has Waived Any Purported Claim of Privilege Over the
                Documents Referenced in its Privilege Logs....................................... 17

III. CONCLUSION................................................................................................ 18

# TABLE OF AUTHORITIES

CASES                                                                      Page(s)

*Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*,
    No. 11-6746 (RKE) (HBP), 2013 WL 1903782 (S.D.N.Y. May 8, 2013) .......................13, 15

*Bell v. Pfizer, Inc.*,
    No. 03-9945 (KMW) (HBP), 2006 WL 2529762 (S.D.N.Y. Aug. 31, 2006) ........................13

*Chevron Corp. v. Donziger*,
    No. 11-0691 (LAK) (JCF), 2013 WL 4045326 (S.D.N.Y. Aug. 9, 2013)..........................9, 10

*Crawford v. Franklin Credit Mgmt. Corp.*,
    261 F.R.D. 34 (S.D.N.Y. 2009) ................................................................................10, 18

*Cruz v. Kennedy*,
    No. 97-4001 (KMW) (HBP), 1998 WL 689946 (S.D.N.Y. Sept. 30, 1998) .........................17

*Favors v. Cuomo*,
    285 F.R.D. 187 (E.D.N.Y. 2012) ...................................................................................10

*Go v. Rockefeller Univ.*,
    280 F.R.D. 165 (S.D.N.Y. 2012) ...................................................................................13

*Grand River Enters. Six Nations, Ltd. v. King*,
    No. 02-5068 (JFK), 2009 WL 63461 (S.D.N.Y. Jan. 12, 2009).......................................10, 18

*Hallett v. Richmond*,
    No. 05-50044 (PMM), 2006 WL 2088214 (N.D. Ill. July 25, 2006) ....................................10

*Herman v. Crescent Publ'g Grp.*,
    No. 00-1665 (SAS), 2000 WL 1371311 (S.D.N.Y. Sept. 21, 2000) .....................................10

*In re Grand Jury Subpoena Dated August 9, 2000*,
    218 F. Supp. 2d 544 (S.D.N.Y. 2002)...............................................................................16

*In re Rivastigmine Patent Litig.*,
    237 F.R.D. 69 (S.D.N.Y. 2006) .........................................................................................9

*Lunts v. Rochester City Sch. Dist.*,
    No. 07- 6272 (JWF), 2011 WL 108913 (W.D.N.Y. Jan. 12, 2011) .......................................10

*MacNamara v. City of N.Y.*,
    249 F.R.D. 70 (S.D.N.Y. 2008) ..................................................................................15, 16

*NXIVM Corp. v. O'Hara*,
    241 F.R.D. 109 (N.D.N.Y 2007).......................................................................................17

*SEC v. Beacon Hill Asset Mgmt. LLC,*
   231 F.R.D. 134 (S.D.N.Y. 2004) .........................................................15

*SEC v. Collins & Aikman Corp.,*
   256 F.R.D. 403 (S.D.N.Y. 2009) .........................................................15

*SEC v. Cuban,*
   No. 3:08-2050 (SAF), 2013 WL 1091233 (N.D. Tex. Mar. 15, 2013)............................15, 16

*SEC v. Gowrish,*
   No. 09–05883 (SI), 2010 WL 1929498 (N.D. Cal. May 12, 2010)........................................16

*SEC v. Kovzan,*
   No. 11-2017 (JWL), 2012 WL 4819011 (D. Kan. Oct. 10, 2012)...........................................15

*SEC v. Thrasher,*
   No. 92-6987 (JFK), 1995 WL 46681 (S.D.N.Y. Feb. 7, 1995) ...............................16

*Tiger Capital, LLC v. PHL Variable Ins. Co.,*
   No. 12-2939 (CM) (JCF), 2013 WL 4517267 (S.D.N.Y. Aug. 26, 2013)................................9

*Trudeau v. N.Y.S. Consumer Prot. Bd.,*
   237 F.R.D. 325 (N.D.N.Y. 2006).........................................................13

*Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.,*
   No. 01-3016 (AGS) (HBP), 2002 WL 31556383 (S.D.N.Y. Nov. 15, 2002) .........................15

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(b)(5).........................................................9, 12

S.D.N.Y. Local R. 26(b)(5).........................................................9, 12

MICHAEL C. SILBERBERG ET AL., CIVIL PRACTICE IN THE SOUTHERN DISTRICT OF NEW
   YORK (2013-2014 ed.) .........................................................8, 18

Defendants Yorkville Advisors, LLC ("Yorkville"), Mark Angelo, and Edward Schinik (collectively, "Defendants") respectfully move this Court to compel Plaintiff the Securities and Exchange Commission ("SEC") to produce the documents referenced in its deficient privilege logs dated January 25, 2013 and February 15, 2013.  These deficient privilege logs were previously the subject of pre-motion letters and argument before the Court in December 2013.

## INTRODUCTION

In response to Defendants' document requests, the SEC withheld certain responsive documents, which it listed in two privilege logs that fail to provide even the most basic information about the documents withheld or the legal basis for withholding those documents. Despite this Court having previously warned the SEC that these two privilege logs are deficient, the SEC declined to amend or supplement its logs in any way.  Accordingly, because the SEC has not—and cannot—establish the existence of any privilege based on the information contained in its privilege logs, it should be ordered to produce the withheld documents.

The SEC's privilege logs fail to provide even the most fundamental information concerning the documents referenced in its privilege logs, including the descriptions of the subject matter and the identities of the authors and recipients of those documents.  Moreover, the SEC has entirely failed to establish the applicability of the various privileges that it claims apply to the withheld documents.

As this Court concluded on December 19, 2013, the SEC's privilege logs do not "allow for an intelligent assessment as to whether or not the privilege is validly asserted."[1]  Even in the face of this Court's observations concerning the SEC's privilege logs, it has taken the unreasonable position that it does not need to comply with the Federal Rules of Civil Procedure,

---

[1] (Hr'g Tr. ("Tr.") 75:25-76:2, Dec. 19, 2013.)  A true and correct copy of the relevant portion of the December 19, 2013 hearing transcript is attached as Exhibit I to the Declaration of Nicolas Morgan, dated January 27, 2014 ("Morgan Decl."), ¶ 10.

the Local Rules, and this Court's October 17, 2012 Order. This Court should, therefore, compel

the SEC to produce the documents referenced in its deficient privilege logs dated January 25,

2013 and February 15, 2013.

## I.   FACTUAL & PROCEDURAL SUMMARY

Defendants served the SEC with the First Set of Requests for the Production of

Documents ("RFPs") on December 18, 2012.[2] The SEC served Defendants with its Response to

Defendants' First Set of RFPs on January 17, 2013.[3] In connection with its response, the SEC

subsequently produced two privilege logs on January 25, 2013 and February 15, 2013.[4]

### A.   The SEC Responds With Two Deficient Privileged Logs

The SEC's January 25, 2013 privilege log only provides the following information for

withheld documents:

| Category of Documents (and number) | Responsive to Request | Subject Matter | Date(s) of Documents | Author and Recipient | Privilege Asserted |
|---|---|---|---|---|---|
| Email (82) | Req. No. 2 | Yorkville Advisors | 1/24/2011 to 10/17/2012 | Emails between SEC Enforcement Division staff and US Attorney's Office - EDNY, FBI and SIGTARP | Legal work-product doctrine; law enforcement-investigative privilege, intergovernmental investigative privilege, deliberative process privilege |

---

[2] A true and correct copy of Defendants' First Set of RFPs is attached as Exhibit A to the Morgan Decl., ¶ 2.

[3] A true and correct copy of the SEC's Response to Defendants' First Set of RFPs is attached as Exhibit B to the Morgan Decl., ¶ 3.

[4] True and correct copies of the SEC's January 25, 2013 and February 15, 2013 privilege logs are attached as Exhibits C and D, respectively, to the Morgan Decl., ¶¶ 4-5.

| Category of Documents (and number) | Responsive to Request | Subject Matter | Date(s) of Documents | Author and Recipient | Privilege Asserted |
|---|---|---|---|---|---|
| Letter (6) | Req. No. 2 | Yorkville Advisors | 10/12/2010 to 8/21/2010 | Letters between SEC Enforcement Division staff and US Attorney's Office - EDNY and SIGTARP | Legal work-product doctrine; law enforcement-investigative privilege, intergovernmental investigative privilege, deliberative process privilege |
| Email (6) | Req. No. 2 | Yorkville Advisors | 12/15/2010 - 6/21/2012 | Emails between SEC Enforcement Division staff, SEC Office of International Affairs staff and UK Financial Services Authority (UK FSA), Netherland Authority for the Financial Markets (NethAFM) and The Commissione Nazionale per le Società e la Borsa (CONSOB) | Legal work-product doctrine; law enforcement-investigative privilege, intergovernmental investigative privilege, deliberative process privilege |

| Category of Documents (and number) | Responsive to Request | Subject Matter | Date(s) of Documents | Author and Recipient | Privilege Asserted |
|---|---|---|---|---|---|
| Letter (4) | Req. No. 2 | Yorkville Advisors | 12/15/2010 - 6/3/2011 | Letters between SEC Office of International Affairs staff and NethAFM and CONSOB | Legal work-product doctrine; law enforcement-investigative privilege, intergovernmental investigative privilege, deliberative process privilege |

(Ex. C to Morgan Decl.)

Likewise, the SEC's February 15, 2013 privilege logs provides the following limited

information for withheld documents:

| Categories of Documents (and number) | Responsive to Request | Subject Matter | Date(s) of Document | Author (and recipient, if applicable) | Privilege Asserted |
|---|---|---|---|---|---|
| Reports (19) | Redacted | Redacted | 2/20/2008 to 1/17/2013 | Redacted | Redacted |
| Reports (3) | Redacted | Redacted | 6/24/2008 to 11/19/2012 | Redacted | Redacted |

| Category of Documents (and number) | Responsive to Request | Subject Matter | Date(s) of Documents | Author and Recipient | Privilege Asserted |
|---|---|---|---|---|---|
| Email (1) | Req. No. 2; Req. No. 16 | Yorkville Advisors / Greenshift | 9/2/2010 | Matthew Haslinger - Criminal Division, USDOJ to David Smyth -SEC Office of Market Intelligence | Legal work-product doctrine; law enforcement-investigative privilege; intergovernmental investigative privilege. |
| Reports (4) | Redacted | Redacted | 4/23/2008-4/13/2010 | Redacted | Redacted |
| Letter (2) | Req. No. 16 | Greenshift | 5/6/2010 | Paul G. Lane - FINRA to Mark Lineberry - SEC Office of Market Surveillance | Legal work-product doctrine; law enforcement investigative privilege |
| Tip / Complaint/ Referral [Redacted Portion] (1) | Req. No. 16 | Yorkville Advisors | 4/17/2009 | Gloria Smith-Hill-SEC Office of Investor Education and Advocacy to Steven Johnston - SEC Office of Investor Education and Advocacy | Attorney-client privilege; legal work- product doctrine; law enforcement investigative privilege |

| Category of Documents (and number) | Responsive to Request | Subject Matter | Date(s) of Documents | Author and Recipient | Privilege Asserted |
|---|---|---|---|---|---|
| Tip/Complaint/ Referral (1) | Req. No. 16 | Yorkville Advisors | 2/1/2013 | Anonymous | Law enforcement investigative privilege; informant's privilege |
| Email (7) | Req. No. 2 | Yorkville Advisors | 10/12/2010-6/27/11 | Emails between Stephen Holden - SEC Enforcement Division and John Barrett - Special Agent, SIGTARP | Legal work-product doctrine; law enforcement-investigative privilege; intergovernmental investigative privilege. |
| Email (7) | Req. No. 2 | Yorkville Advisors | 10/7/2010 - 12/2/2010 | Emails between Ken Joseph, SEC Enforcement Division, John Barrett - Special Agent, SIGTARP, and James McMahon, AUSA, USAO-EDNY | Legal work-product doctrine; law enforcement-investigative privilege; intergovernmental investigative privilege. |

| Category of Documents (and number) | Responsive to Request | Subject Matter | Date(s) of Documents | Author and Recipient | Privilege Asserted |
|---|---|---|---|---|---|
| Email (5) | Req. No. 2; Req. No. 16 | Yorkville Advisors | 2/4/2013 - 2/11/2013 | Emails between Stephen Holden - SEC Enforcement Division, John Barrett - Special Agent, SIGTARP, and Keith Garwood, Special Agent, FBI | Legal work-product doctrine; law enforcement-investigative privilege; intergovernmental investigative privilege. |

(Ex. D to Morgan Decl.)

**B.**   **Defendants Raise Objections to the Privilege Logs and Seek Court Intervention**

After Defendants' review of these privilege logs, they requested that the SEC amend its privilege logs to comply with the applicable law and rules.[5]  The SEC responded that it would not make a single change to its privilege logs.[6]

Following the SEC's refusal to modify its privilege logs to cure their deficiencies, Defendants submitted a pre-motion letter to this Court on November 19, 2013, requesting leave

---

[5] A true and correct copy of Defendants' October 21, 2013 letter to the SEC is attached as Exhibit E to the Morgan Decl., ¶ 6.

[6] A true and correct copy of the SEC's October 28, 2013 letter to Defendants is attached as Exhibit F to the Morgan Decl., ¶ 7.

- 7 -

to file a motion to compel the production of the withheld documents.[7]  On November 22, 2013,

the SEC submitted a letter to this Court that sets forth its opposition to Defendants' request.[8]

At a hearing on December 19, 2013, this Court addressed, among other things, the SEC's

privilege logs.  (Tr. 74-81, Morgan Decl. Ex. I.)  The Court observed that the SEC's privilege

logs fail to provide sufficient information to evaluate the invocation of the various privileges,

and directed the parties to review the *Civil Practice in the Southern District of New York,* which

provides that "a party is not entitled to unilaterally decide that a privilege applies.  Failure to

comply with the explicit requirements of Rule 26.2 may be considered presumptive evidence that

the claim of privilege is without factual or legal foundation, or may even *result in a waiver of the*

*privilege*."  *Civil Practice in the Southern District of New York* §14:4 (emphasis added).[9]

Even after the Court expressed serious concerns regarding the sufficiency of the SEC's

privilege logs, and pointed the SEC to an authoritative treatise that warned of the consequences

of relying on a deficient privilege log, the SEC informed the Court that it would not make a

single amendment to its privilege logs.  (*See* Tr. 75:22-79:3.)  Thereafter, the Court approved

Defendants' request for leave to pursue formal motion practice.  (*Id.* at 79:12-15.)

By this motion, Defendants respectfully request that, in light of the SEC's failure to

establish the applicability of any of the privileges asserted in its privilege logs, this Court compel

the SEC to produce the withheld documents.

---

[7] A true and correct copy of Defendants' November 19, 2013 letter to the Court is attached as Exhibit G to the Morgan Decl., ¶ 8.

[8] A true and correct copy of the SEC's November 22, 2013 letter to the Court is attached as Exhibit H to the Morgan Decl., ¶ 9.

[9] In granting Defendants' request for leave to file the instant motion, this Court specifically referred the parties to the treatise titled *Civil Practice in the Southern District of New York.*  (Tr. 80:20-23, Morgan Decl. Ex. I.)

## II.   LEGAL ARGUMENT

The SEC's privilege logs fail to satisfy even the most basic requirements governing privilege logs.  Rule 26(b)(5) of the Federal Rules of Civil Procedure provides that a party claiming a privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, *will enable other parties to assess the claim*."[10]  Similarly, Local Rule 26.2(a)(2)(A) requires that a party claiming a privilege disclose the following information in its privilege log:

> (i)  the type of document, *e.g.*, letter or memorandum;
> (ii) *the general subject matter of the document*;
> (iii) the date of the document; and
> (iv) *the author of the document*, the addressees of the document, and *any other recipients*, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

S.D.N.Y. Local R. 26.2(a)(2) (emphases added).  In addition, this Court's October 17, 2012 Order designated this action for the Pilot Project Regarding Case Management Techniques for Complex Civil Cases ("Pilot Project").  The Pilot Project reinforces the requirements of the Rule 26(b)(5) and Local Rule 26.2(a)(2): "Moreover, the beginning and ending dates and times (as noted on the emails) of the dialogue and the number of emails within the dialogue must be disclosed, *in addition to other requisite privilege log disclosure, including the names of all of the recipients* of the communications."  Pilot Project 6 (emphasis added).  If a privilege assertion is challenged, "the proponent of the privilege bears the burden of establishing, for each document,

---

[10] Fed. R. Civ. P. 26(b)(5) (emphasis added); *see Chevron Corp. v. Donziger*, No. 11-0691 (LAK) (JCF), 2013 WL 4045326, at *2 (S.D.N.Y. Aug. 9, 2013) (quotations omitted); *see also Tiger Capital, LLC v. PHL Variable Ins. Co.*, No. 12-2939 (CM) (JCF), 2013 WL 4517267, at *2 (S.D.N.Y. Aug. 26, 2013) ("A party that withholds documents on the ground of privilege must submit a log describing the documents so that the claim of privilege can be assessed."); *In re Rivastigmine Patent Litig.*, 237 F.R.D. 69, 86-87 (S.D.N.Y. 2006) ("Under Rule 26(b)(5) . . . , a party withholding documents on the basis of an asserted privilege *must* describe the nature of the documents with enough detail to enable other parties to assess the applicability of the privilege." (emphasis added and quotations omitted)).

those facts that are essential elements of the claimed privilege or privileges."[11]  Notably, "the

consequence of serving a deficient privilege log may be the waiver of a privilege claim."[12]

> **A.     The SEC's Privilege Logs Fail to Comply with the Applicable Rules and Preclude an Assessment of the Validity of the SEC's Privilege Assertions**

The SEC's privilege logs fail to set forth even the most fundamental information,

including, but not limited to, descriptions of the subject matter, authors, and recipients of the

withheld information, thereby precluding Defendants and this Court from assessing the validity

of the privilege assertions.[13]

> **1.     Insufficient Descriptions of Subject Matter of Withheld Documents**

The manner in which the SEC attempts to identify the subject matter of the documents

referenced in its privilege logs reflects a complete disregard of the well-established requirement

that a party claiming a privilege must "provide information about the nature of the withheld

documents sufficient to enable the receiving party to make an intelligent determination about the

validity of the assertion of the privilege."[14]  For example, the SEC's January 25, 2013 privilege

log describes the subject matter of every single document referenced in the log using one word:

"Yorkville."  (*See* Morgan Decl. Ex. C.)  The SEC's February 15, 2013 privilege log also fails to

---

[11] *Favors v. Cuomo*, 285 F.R.D. 187, 221 (E.D.N.Y. 2012) (quotations omitted).

[12] *Crawford v. Franklin Credit Mgmt. Corp.*, 261 F.R.D. 34, 43 (S.D.N.Y. 2009) (citing *Grand River Enters. Six Nations, Ltd. v. King*, No. 02-5068 (JFK), 2009 WL 63461, at *4 (S.D.N.Y. Jan. 12, 2009) ("When a party submits a privilege log that is deficient, the claim of privilege may be denied.")).

[13] *Favors*, 285 F.R.D. at 221 (stating that "the proponent of the privilege bears the burden of establishing, for each document, those facts that are essential elements of the claimed privilege or privileges" (quotations omitted)).

[14] *Chevron Corp.*, 2013 WL 4045326, at *2 (quotations omitted); *see also Lunts v. Rochester City Sch. Dist.*, No. 07-6272 (JWF), 2011 WL 108913, at *1 (W.D.N.Y. Jan. 12, 2011) (requiring the defendant to resubmit privilege log with "specific and detailed explanation of why the particular document is claimed to be privileged"); *Hallett v. Richmond*, No. 05-50044 (PMM), 2006 WL 2088214, at *2 (N.D. Ill. July 25, 2006) ("To even assert the law enforcement investigative privilege, a responsible official in the department must lodge a formal claim of privilege, after actual personal consideration, specifying with particularity the information for which protection is sought, and explain why the information falls within the scope of the privilege." (quotations omitted)); *Herman v. Crescent Publ'g Grp.*, No. 00-1665 (SAS), 2000 WL 1371311, at *3 (S.D.N.Y. Sept. 21, 2000) ("The person who claims the [deliberative process] privilege on behalf of the agency also must provide precise and certain reasons for asserting confidentiality." (quotations omitted)).

provide the requisite information, and generally describes the subject matter of withheld

documents with one of the following cursory labels: "Yorkville"; "Mark Angelo"; "YA Global";

or "Greenshift."  (*See* Morgan Decl. Ex. D.)

Not surprisingly, after reviewing the SEC's privilege logs during the December 19, 2013

hearing, this Court quickly concluded that the SEC's cursory manner of describing the subject

matter of withheld documents did not comply with the applicable rules:

> THE COURT:  I mean looking at – I'm looking at plaintiff
> [SEC's] privilege log in response to defendant's first request for
> the production of documents dated January 25, 2013.  Is the issue
> the adequacy of the description?
>
> MR. SOHN [counsel for Defendants]: It is, Your Honor.  We don't
> think that they've established their entitlement to these protections.
>
> THE COURT: Subject matter, Yorkville advisors. Subject, YA
> global – I'm looking at now the index dated February 15, 2013.  *I
> don't think these descriptions are sufficient.  I mean it doesn't
> allow for an intelligent assessment as to whether or not the
> privilege is validly asserted.* . . .  I'm looking at the first one on the
> January 25th index. For all I know, that's an email from one
> paralegal to another paralegal saying, "Attached is a copy of the
> complaint we filed in SEC v. Yorkville," which clearly would not
> be a privileged communication.

(Tr. 75:15-76:7, Morgan Decl. Ex. I (emphasis added).)  The SEC argued at the hearing and

stated in its November 22, 2013 letter to the Court that the SEC does not have to comply with the

Federal Rules of Civil Procedure and Local Rules because of the SEC's obligations under certain

statutes and a memorandum of understanding entered into between international security

commissions.  (*See id.* at 76:16-24; *see also* Morgan Decl. Ex. H 2-3.)  The SEC, however, failed

to cite a single case in support of its argument either at the hearing or in its November 22, 2013

letter to the Court.  In responding to the SEC's unsupported argument, the Court aptly stated:

"Well if you want to brief it, that's fine, *but I'm governed by the Federal Rules of Civil

Procedure*."  (Tr. 76:23-24, Morgan Decl. Ex. I (emphasis added).)

This Court should not condone the SEC's disregard of the Federal Rules of Civil Procedure and the Local Rules. By refusing to provide sufficient descriptions of the subject matter of the documents referenced in its privilege logs, the SEC has waived any purported privilege that it claims over those documents. Therefore, Defendants respectfully request that the Court compel the SEC to produce the documents referenced in its January 25, 2013 and February 15, 2013 privilege logs.

### 2. Failure to Disclose Names of Authors and Recipients of Withheld Documents

In addition to failing to describe the subject matter of the withheld documents in a sufficient manner, the SEC's January 25, 2013 privilege log even fails to identify the names of the authors and/or recipients of the withheld documents. (*See* Morgan Decl. Ex. C.) As set forth above, Rule 26(b)(5) of the Federal Rules of Civil Procedure, Local Rule 26.2(a)(2)(A), and the guidelines under the Pilot Project all mandate that a party claiming a privilege must disclose information that "will enable other parties to assess the claim," Fed. R. Civ. P. 26(b)(5), which includes identifying "*the author of the document* . . . and *any other recipients*, and, where not apparent, the relationship of the author . . . and recipients to each other," S.D.N.Y. Local R. 26.2(a)(2) (emphases added). *See also* Pilot Project 6 (reinforcing the requirements of Rule 26(b)(5) and Local Rule 26.2(a)(2) by requiring the "requisite privilege log disclosure, including *the names of all of the recipients* of the communications" (emphasis added)). In interpreting the aforementioned rules, this Court has held that a "privilege log is insufficient [to] the extent it fails to identify the '*identities, titles, and roles of the authors, recipients, and those CC'ed on*

*the[ ] communications*.' . . . Without this information, the assertions of privilege are difficult to assess . . . ."[15]

Rather than complying with the well-established law set forth above and providing the names of such individuals, which certainly would not be burdensome, the SEC's January 25, 2013 privilege log generally and vaguely provides that emails were exchanged between various federal and foreign government agencies. Indeed, the privilege log fails to identify the name of a single individual. For example, one of the entries in the deficient privilege log only provides that "the SEC Enforcement Division staff" exchanged certain emails with the "Netherland Authority for Financial Markets" and other foreign agencies. Based on the SEC's descriptions of the "Author and Recipient" of the withheld documents, it is impossible for Defendants and this Court to assess the SEC's privilege assertions.[16] In contrast to its January 25, 2013 privilege log, the SEC's February 15, 2013 privilege log actually identifies the names of individual authors and recipients of withheld documents. The SEC has not proffered the reason for why its February 15, 2013 privilege log identifies the individual authors and/or recipients of withheld documents while its January 25, 2013 privilege log fails to do so.

Moreover, this Court has already noted that the SEC's January 25, 2013 privilege log is deficient and does not comply with the applicable rules. During the December 19, 2013 hearing, this Court reviewed the SEC's privilege log and concluded that the identities of "the individuals

---

[15] *Go v. Rockefeller Univ.*, 280 F.R.D. 165, 175 (S.D.N.Y. 2012) (emphasis added) (quoting *Bell v. Pfizer, Inc.*, No. 03-9945 (KMW) (HBP), 2006 WL 2529762, at *5 (S.D.N.Y. Aug. 31, 2006)); *see also Trudeau v. N.Y.S. Consumer Prot. Bd.*, 237 F.R.D. 325, 335 (N.D.N.Y. 2006) (requiring, among other things, a privilege log to include "the identity of each person listed as author and their role in preparing the documents" and "the identity of each recipient, the role in which they received the documents and whether they are a party or non-party").

[16] *See Auto. Club of N.Y., Inc. v. Port. Auth. of N.Y. & N.J.*, No. 11-6746 (RKE) (HBP), 2013 WL 1903782 (S.D.N.Y. May 8, 2013), at *8 ("An author or recipient's role is relevant because it is more likely that a relatively senior-level employee, as opposed to a more junior staffer, would be offering opinions and analyses to assist the agency official responsible for the formulation of significant public policy—the very process that the [deliberative process] privilege protects.").

who are the authors and recipients need[] to be provided" because such information is needed to assess the SEC's privilege assertions.  (Tr. 77:11-16, 78:2-13, Morgan Decl. Ex. I.)  In nearly every entry of both privilege logs at issue, the SEC asserts, among others, the attorney-client privilege and work product doctrine.  Thus, the Court also highlighted the fact that the SEC's failure to provide the identities of the individual authors and/or recipients leaves Defendants and the Court without the ability to determine if the communications even involved attorneys: "For all I know, that's an email from one paralegal to another paralegal . . . . It doesn't seem sufficient to me."  (*Id.* at 76:3-7, 79:3, Morgan Decl. Ex. I.)  Nevertheless, even after this Court highlighted the deficiencies of the the SEC's privilege logs, the SEC again unreasonably refused to make a single amendment to the privilege logs.

Therefore, Defendants respectfully request that this Court compel the SEC to produce the documents referenced in its January 25, 2013 privilege log.

**B.       The SEC Fails to Establish Entitlement to the Protection of Any Privilege**

The deficiencies in the SEC's privilege logs make plain that the SEC has not properly withheld any documents based on its claims of privilege.  Not only do the SEC's privilege logs fail to provide the information required by the applicable rules, but they also assert various privileges that contradict each other, and purport to withhold discoverable information based on a privilege that has not been recognized by any court.

**1.       The SEC Does Not Establish the Elements of the Privileges Raised**

The SEC generally asserts the following privileges for nearly every entry in its privilege logs: (1) the attorney-client privilege; (2) the work product doctrine; (3) the law enforcement-investigative privilege; and (4) the deliberative process privilege.[17]  Without the information that

---

[17] The SEC also asserts the "intergovernmental investigative privilege," which, as discussed below, appears not to have been recognized by any court.

the SEC is required to provide under the Federal Rules of Civil Procedure and Local Rules,

however, Defendants and this Court cannot assess the validity of any of these privilege

assertions.  As with the attorney-client privilege[18] and work product doctrine,[19] the law

enforcement-investigative privilege and deliberative process privilege, both of which are

qualified privileges,[20] require the party withholding documents to establish the existence of the

privilege and to provide—at the very least—descriptions of the subject matter and the identities

of the authors and recipients of the withheld documents.  This Court has stated that a party

relying on the deliberative process privilege must provide the following in its privilege log:

> [A] log of documents withheld on the basis of the deliberative
> process privilege should provide various pieces of information,
> including, but not limited to, *a description of the decision to which
> the documents relate*, the date of the decision, *the subject-matter of
> the documents in issue*, the nature of the opinions and analyses
> offered, the date that documents were generated, *the roles of the
> agency employees who authored or received the withheld
> documents* and the number of employees among whom the
> documents were circulated.[21]

---

[18] "The attorney-client privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client." *SEC v. Beacon Hill Asset Mgmt. LLC*, 231 F.R.D. 134, 138 (S.D.N.Y. 2004) (quotations omitted).

[19] "Three conditions must be met in order to earn work product protection.  The material must (1) be a document or tangible thing, (2) that was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by or for his representative."  *See Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*, No. 01-3016 (AGS) (HBP), 2002 WL 31556383, at *3 (S.D.N.Y. Nov. 15, 2002) (quotations and citations omitted).

[20] *MacNamara v. City of N.Y.*, 249 F.R.D. 70, 79 (S.D.N.Y. 2008) ("Both the deliberative process and law enforcement privileges are *qualified* privileges . . . ." (emphasis in original)).

[21] *Auto. Club*, 2013 WL 1903782, at *4 (emphasis added); *see also SEC v. Cuban*, No. 3:08-2050 (SAF), 2013 WL 1091233, at *9 (N.D. Tex. Mar. 15, 2013) (holding that deliberative process privilege does not protect "materials that are purely factual" and requiring the SEC to produce "pure facts" portions of case report for enforcement division investigation) (citation and quotations omitted); *SEC v. Kovzan*, No. 11-2017 (JWL), 2012 WL 4819011, at * 6 (D. Kan. Oct. 10, 2012) (holding that the magistrate judge erred in denying motion to compel on the basis that documents were privileged); *SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 416-17 (S.D.N.Y. 2009) (requiring the SEC to submit materials allegedly covered by the deliberative process privilege to the Court for *in camera* review with a supporting memorandum, and holding that the deliberative process privilege must be construed narrowly).

Moreover, the deliberative process privilege may only be invoked by the head of the agency asserting the privilege, or his designee, after personally reviewing the documents at issue.[22]

Likewise, in rejecting the argument "that district courts are required to defer blindly to assertions made by a law enforcement official regarding the existence of the law enforcement privilege," this Court has noted:

> [I]t is well-settled that, in order to establish the existence of the law enforcement privilege, the party asserting the privilege must make a substantial threshold showing that there are specific harms likely to accrue from disclosure of specific materials, and that this burden must be discharged by presenting those facts that are the essential elements of the privileged relationship and not by mere conclusory or *ipse dixit* assertions.[23]

The SEC cannot seriously contend that its privilege logs contain the elements required to establish the applicability of either the deliberative process or law enforcement privileges. Finally, the SEC also claims to rely on the "intergovernmental investigative privilege," which Defendants have been unable to find discussed in any reported court opinion.

### 2. The SEC's Privilege Assertions Fail to Establish the Applicability of Particular Privileges, are Contradictory or Nonexistent

The SEC's privilege logs are also problematic because the SEC has asserted privileges that directly contradict each other, thereby further inhibiting the ability of Defendants and this Court from assessing the validity of the SEC's privilege assertions. For example, in the first entry that appears on the January 25, 2013 privilege log, the SEC asserts several privileges over

---

[22] *In re Grand Jury Subpoena Dated August 9, 2000*, 218 F. Supp. 2d 544, 552 (S.D.N.Y. 2002) ("[T]he deliberative process privilege must be asserted by the head of the governmental agency, or an appropriately qualified designee, after personal review of the documents.").

[23] *MacNamara*, 249 F.R.D. at 85 (citations and quotations omitted); *see also Cuban*, 2013 WL 1091233, at *8 (rejecting the SEC's contention that the law enforcement privilege extends to civil investigations); *SEC v. Gowrish*, No. 09–05883 (SI), 2010 WL 1929498, at *1-2 (N.D. Cal. May 12, 2010) (rejecting the government's attempt to avoid disclosure of witness notes taken by the FBI in the course of an investigation); *SEC v. Thrasher*, No. 92-6987 (JFK), 1995 WL 46681, at *10-12 (S.D.N.Y. Feb. 7, 1995) (rejecting the SEC's assertion of the law enforcement privilege to prevent the disclosure of notes of discussion with a third-party).

an entry of 82 grouped emails, including the following: (1) work product doctrine; (2) law enforcement-investigative privilege; (3) "intergovernmental investigative privilege"; and (4) deliberative process privilege.  (*See* Morgan Decl. Ex. C.)  Notably, these privileges are inconsistent and cannot be asserted over the same entry of documents/emails.

For example, the work product doctrine protects material prepared for litigation, while the deliberative process privilege protects analyses prior to the decision to initiate litigation proceedings.[24]  Tellingly, the SEC asserts the same set of privileges for every single entry on its January 25, 2013 privilege log.

Further, the SEC also appears to assert a privilege that has not been recognized by any court.  For nearly every entry in both privilege logs at issue, the SEC asserts the "intergovernmental investigative privilege."  (*See* Morgan Decl. Ex. C & D.)  No federal or state court has ever recognized the SEC's "intergovernmental investigative privilege."  The SEC did not (and cannot) cite to a single case to support its assertion of this purported privilege.

Therefore, Defendants respectfully request that the Court compel the production of documents referenced in the SEC's privilege logs.

### C.    The SEC Has Waived Any Purported Claim of Privilege Over the Documents Referenced in its Privilege Logs

As this Court and Defendants have repeatedly highlighted for the SEC, the disclosed information regarding the withheld documents referenced in the SEC's privilege logs unequivocally falls short of complying with the Federal Rules of Civil Procedure and Local Rules of this Court.  Although the SEC has been afforded numerous opportunities to do so,

---

[24] *Compare Cruz v. Kennedy*, No. 97-4001 (KMW) (HBP), 1998 WL 689946, at *9 (S.D.N.Y. Sept. 30, 1998) (stating that "the deliberative process privilege" protects "pre-decisional analyses"), *with NXIVM Corp. v. O'Hara*, 241 F.R.D. 109, 126-27 (N.D.N.Y 2007) (stating that the work product doctrine "exists to protect attorneys' mental impressions, opinions, and/or legal theories concerning litigation.  Indeed, the work product privilege is designed to protect an adversarial system of justice . . . ." (quotations and citations omitted)).

including at the hearing before this Court on December 19, 2013, the SEC has unreasonably refused to make a single change to address the deficiencies of its privilege logs.

This Court has warned parties that "the consequence of serving a deficient privilege log may be the waiver of a privilege claim."[25]  Further, at the December 19, 2013 hearing, this Court specifically referred the parties to the *Civil Practice in the Southern District of New York*.  (Tr. 80:20-23, Morgan Decl. Ex. I.)  That treatise provides: "[A] party is not entitled to unilaterally decide that a privilege applies.  Failure to comply with the explicit requirements of Rule 26.2 may be considered presumptive evidence that the claim of privilege is without factual or legal foundation, or may even *result in a waiver of the privilege*."  *Civil Practice in the Southern District of New York* §14:4 (emphasis added).

Here, as established above, the SEC has repeatedly failed to comply with the Federal Rules of Civil Procedure and Local Rules.  Moreover, despite having numerous opportunities to amend its deficient privilege logs, the SEC has taken the unreasonable position that it does not need to comply with the applicable rules because it is a government agency.  The SEC's refusal to make a single change to its deficient privilege logs is particularly troubling in light of this Court's criticism of those privilege logs at the December 19, 2013 hearing.  (Tr. 76:3-7, 79:3, Morgan Decl. Ex. I (characterizing the SEC's privilege logs as insufficient).)  Therefore, Defendants respectfully request that the Court compel the production of the documents referenced in the SEC's deficient privilege logs.

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court compel the SEC to produce promptly to Defendants all of the documents referenced in the SEC's deficient

---

[25] *Crawford*, 261 F.R.D. at 43 (citing *Grand River Enters. Six Nations, Ltd.*, 2009 WL 63461, at *4 ("When a party submits a privilege log that is deficient, the claim of privilege may be denied.")).

privilege logs dated January 25, 2013 and February 15, 2013, particularly in light of the SEC's unreasonable and continuous refusal to amend its deficient privilege logs despite having several opportunities to do so.  In the alternative, Defendants respectfully request that the Court order the SEC to amend its privilege logs to address their deficiencies and to submit to the Court, for *in camera* review, the documents referenced in the privilege logs.

Dated:  January 27, 2014

<div align="right" style="margin-left:40%">

**DLA PIPER LLP (US)**

/s/ Nicolas Morgan
Caryn G. Schechtman
Joshua S. Sohn
Megan K. Vesely
1251 Avenue of the Americas
New York, NY  10020
(212) 335-4500
caryn.schechtman@dlapiper.com
joshua.sohn@dlapiper.com
megan.vesely@dlapiper.com


Nicolas Morgan (admitted *pro hac vice*)
Patrick Hunnius (admitted *pro hac vice*)
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, CA  90067
(310) 595-3000
nicolas.morgan@dlapiper.com
patrick.hunnius@dlapiper.com

*Attorneys for Defendants Yorkville Advisors, LLC,*
*Mark Angelo, and Edward Schinik*

</div>