UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
SECURITIES AND EXCHANGE             :
COMMISSION,
                                    :    Civil Action No.:
        Plaintiff,                       12 CIV 7728 (GBD) (HBP)
                                    :
    -against-
                                    :    ECF CASE

YORKVILLE ADVISORS, LLC, MARK
ANGELO and EDWARD SCHINIK,          :

        Defendants.                 :
---------------------------------------------------------- X

# REPLY IN SUPPORT OF DEFENDANTS YORKVILLE ADVISORS, LLC, MARK ANGELO, AND EDWARD SCHINIK'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS REFERENCED IN PLAINTIFF'S JANUARY 25, 2013 AND FEBRUARY 15, 2013 PRIVILEGE LOGS

**DLA PIPER LLP (US)**

Caryn G. Schechtman
Joshua S. Sohn
Megan K. Vesely
1251 Avenue of the Americas
New York, NY 10020
(212) 335-4500
caryn.schechtman@dlapiper.com
joshua.sohn@dlapiper.com
megan.vesely@dlapiper.com

Nicolas Morgan (admitted *pro hac vice*)
Patrick Hunnius (admitted *pro hac vice*)
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, CA 90067
(310) 595-3000
nicolas.morgan@dlapiper.com
patrick.hunnius@dlapiper.com

*Attorneys for Defendants Yorkville Advisors, LLC, Mark Angelo, and Edward Schinik*

## TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................................................... 1

I.      FACTUAL AND PROCEDURAL HISTORY ............................................................... 1

II.     LEGAL ARGUMENT .................................................................................................... 2

         A.      The SEC Waived Any Purported Claim of Privilege by Failing to Heed the Warnings and Notice From this Court and Defendants ......................... 3

         B.      Defendants' Motion is Procedurally Proper and Ripe for Adjudication ................ 4

         C.      The SEC's Revised Privilege Log is Deficient ....................................................... 6

                1.     The SEC's reliance on MOUs and the Securities Exchange Act to withhold documents referenced in its privilege log is misplaced ................................................................................................. 6

                2.     The SEC fails to show the applicability of the informant's privilege ........................................................................................................ 9

                3.     The SEC fails to establish the applicability of the common interest doctrine ...................................................................................... 10

III.    CONCLUSION ............................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Air Canada v. Dep't of Transp.*,
  843 F.2d 1483 (D.C. Cir. 1988) ..................................................................................................7

*Banke Melli Iran v. Pahlavi*,
  58 F.3d 1406 (9th Cir. 1995) .......................................................................................................7

*Chao v. Sec. Credit Sys., Inc.*,
  No. 08-267A, 2009 WL 1748716 (W.D.N.Y. June 19, 2009) ....................................................9

*Chao v. Westside Drywall, Inc.*,
  254 F.R.D. 651 (D. Or. 2009) .....................................................................................................9

*Crawford v. Franklin Credit Mgmt. Corp.*,
  261 F.R.D. 34 (S.D.N.Y. 2009) ...........................................................................................3, 4, 6

*De Los Santos Mora v. N.Y.*,
  524 F.3d 183 (2d Cir. 2008) ........................................................................................................7

*Grand Rivers Enters. Six Nations, Ltd. v. King¸*
  No. 02-5068 (JFK), 2009 WL 63461 (S.D.N.Y. Jan. 12, 2009) ..........................................3, 4, 6

*HSH Nordbank AG N.Y. Branch v. Swerdlow*,
  259 F.R.D. 64 (S.D.N.Y. 2009) .................................................................................................10

*Iceland Steamship Co. v. Dep't of the Army*,
  201 F.3d 451 (D.C. Cir. 2000) .....................................................................................................7

*Martin v. Albany Bus. Journal, Inc.*,
  780 F. Supp. 927 (N.D.N.Y. 1992) .............................................................................................9

*Nishnic v. Dep't of Justice*,
  671 F. Supp. 771 (D.D.C. 1987) ...............................................................................................10

*SEC, Inc. v. Wyly*,
  No. 10-5760 (SAS), 2011 WL 3851129 (S.D.N.Y. June 17, 2011) ..........................................10

*SEC v. Rosenfeld*,
  No. 97-1467 (RPP), 1997 WL 576021 (S.D.N.Y. Sept. 16, 1997) ............................................10

*Sumitomo Shoji Am., Inc. v. Avagliano*,
  457 U.S. 176 (1982) .....................................................................................................................7

*United States v. Al-Hamdi*,
  356 F.3d 564 (4th Cir. 2004) .......................................................................................................7

**OTHER AUTHORITIES**

15 U.S.C. § 78x ................................................................................................................................7, 8

MICHAEL C. SILBERBERG ET AL., CIVIL PRACTICE IN THE SOUTHERN DISTRICT OF NEW
    YORK (2013-2014 ed.) .................................................................................................3, 4, 6

## INTRODUCTION

Faced with this Court's criticisms, unequivocal case law, the Federal Rules of Civil Procedure, and this Court's Local Rules, the SEC has finally recognized the severe deficiencies of its original privilege logs and attempted to cure those deficiencies by belatedly amending them. Prior to doing so, however, the SEC not only forced this Court to address the deficient privilege logs at a hearing, but also forced Defendants to expend time and resources in connection with this Motion.

Not surprisingly, the SEC no longer stands by its deficient privilege logs dated January 25, 2013 and February 15, 2013, but instead, now focuses its opposition on addressing its revised privilege log, which the SEC produced only after being served with this Motion, which followed the SEC's steadfast refusal to modify its privilege logs in any way. While the SEC claims in its opposition that it has acted in good faith, the record overwhelmingly indicates otherwise. Further, the SEC's revised privilege log still suffers from many of the same deficiencies found in its original privilege logs. In light of the SEC's ongoing dilatory tactics and unreasonable refusal to amend its deficient privilege logs despite having numerous opportunities to do so prior to Defendants (and this Court) having to expend time and resources by engaging in formal motion practice, Defendants respectfully request that the Court compel the SEC to produce the documents referenced in its privilege logs and award defendants their costs associated with making this motion.

## I.    FACTUAL AND PROCEDURAL HISTORY

At a hearing on December 19, 2013, the Court approved Defendants' request for leave to file this Motion,[1] which Defendants served on the SEC on January 27, 2014. In opposition to the

---

[1] Tr. 79:12-15, Morgan Decl. Ex. I.

Motion, the SEC finally produced a revised privilege log,[2] and served Defendants with its opposition to the Motion on February 10, 2014.  Notably, the SEC's opposition does not defend its original privilege logs, which are the subject of this Motion, but instead defends its revised (but still deficient) privilege log dated February 10, 2014.  By revising its privilege logs, the SEC has conceded that its original privilege logs were deficient.

After Defendants submitted their pre-motion letter to this Court, the SEC served Defendants with a third deficient privilege log on December 12, 2013.  This privilege log contains the same deficiencies as the SEC's January 25, 2013 and February 15, 2013 privilege logs.  While the SEC has conceded that its privilege logs are deficient by amending its earlier privilege logs in response to this Motion, it has yet to amend the December 12, 2013 privilege log.

## II. LEGAL ARGUMENT

Despite Defendants and this Court warning the SEC of the significant consequences of relying on deficient privilege logs and providing the SEC with multiple opportunities to amend the privilege logs, the SEC unreasonably continued to refuse to amend its privilege logs prior to Defendants serving the SEC with this Motion.  While conceding that its original privilege logs are deficient, the SEC attempts to avoid having to produce the improperly withheld documents as a result of its unreasonable and repeated refusal to comply with the applicable law and rules by asserting that the Motion is procedurally improper.  As the record makes plain, the SEC's assertion is entirely baseless.  Finally, the SEC's revised privilege log dated February 10, 2014 fails to cure the deficiencies of the SEC's original privilege logs.  Therefore, Defendants respectfully request that the Court grant Defendants' Motion and compel the SEC to produce the

---

[2] Holden Decl. Ex. K.

documents referenced in its privilege logs.

### A. The SEC Waived Any Purported Claim of Privilege by Failing to Heed the Warnings and Notice From this Court and Defendants

Prior to Defendants expending time and resources in connection with Defendants' Motion, the SEC did not—despite having multiple opportunities—make a single attempt to cure the deficiencies of its January 25, 2013 and February 15, 2013 privilege logs. Defendants and this Court placed the SEC on notice that its unreasonable reliance on its deficient privilege logs could constitute waiver of any purported privilege assertion, and result in the Court compelling the SEC to produce the documents referenced in the privilege logs.[3] Nevertheless, the SEC unreasonably waited until the day its opposition to Defendants' Motion was due to make any amendment to two of its three privilege logs. The SEC's repeated refusals to amend its privilege logs earlier is particularly troubling in light of the fact that this Court highlighted for the SEC the deficiencies of its privilege logs at a hearing on December 19, 2013.

Significantly, Defendants' pre-motion letter unequivocally placed the SEC on notice of the well-established law that "the consequence of serving a deficient privilege log may be the waiver of a privilege claim."[4] Moreover, after this Court expressed serious concerns about the SEC's privilege logs and highlighted the deficiencies therein, it specifically directed the SEC to review the *Civil Practice in the Southern District of New York*. That authoritative treatise unambiguously warns: "[A] party is not entitled to unilaterally decide that a privilege applies. Failure to comply with the explicit requirements of Rule 26.2 may be considered presumptive evidence that the claim of privilege is without factual or legal foundation, or may even *result in a*

---

[3] Tr. 80:18-23, Morgan Decl. Ex. I (directing the parties to *Civ. Practice in the S.D.N.Y.*, which warns that a deficient privilege log can result in waiver).

[4] Morgan Decl. Ex. G at 3 (quoting *Crawford v. Franklin Credit Mgmt. Corp.*, 261 F.R.D. 34, 43 (S.D.N.Y. 2009) and citing *Grand Rivers Enters. Six Nations, Ltd. v. King*, No. 02-5068 (JFK), 2009 WL 63461, at *4 (S.D.N.Y. Jan. 12, 2009)).

*waiver of the privilege*."[5]  Nevertheless, the SEC unreasonably chose to ignore these warnings and notices, and did not make a single amendment to its privilege logs until *after* Defendants served it with this Motion.  The SEC submitted the declaration of Lynn Powalski (Deputy Secretary, SEC) as part of its opposition papers, which makes unequivocally plain that the SEC did not actually make a determination on whether to assert the deliberative process privilege until February 10, 2014[6]—approximately one year after first claiming that privilege on the SEC's original (and deficient) privilege logs.  The SEC's repeated refusal to comply with the applicable rules governing privilege logs waived the SEC's right to amend its privilege logs in the face of Defendants' motion.[7]  Thus, Defendants respectfully request that the Court grant this Motion.

### B. Defendants' Motion is Procedurally Proper and Ripe for Adjudication

As the record unequivocally reflects, the SEC's assertion that Defendants' Motion is procedurally improper is without merit.  Specifically, the SEC incorrectly contends that Defendants did not comply with the applicable procedural rules in seeking an order that compels the SEC to produce the documents referenced in its deficient privilege logs and in challenging the SEC's privilege assertions prior to this Motion.  To the contrary, Defendants pre-motion letter to this Court specifically requested not only leave to file a motion to compel the SEC to produce privilege logs in compliance with the applicable law and rules, but also for "leave to file a motion for an order that requires the SEC to produce the documents listed on its . . . privilege logs *as a consequence of serving deficient privilege logs and subsequently refusing to correct those deficiencies*."[8]  The SEC's argument to the contrary is simply wrong.

---

[5] *Civ. Practice S.D.N.Y.* § 14:4 (emphasis added).

[6] Holden Decl. Ex. M ¶ 4.

[7] *Crawford*, 261 F.R.D. at 43 (stating that "the consequence of serving a deficient privilege log may be the waiver of a privilege claim"); *Grand River*, 2009 WL 63461, at *4 ("When a party submits a privilege log that is deficient, the claim of privilege may be denied.").

[8] Morgan Decl. G at 3 (emphasis added).

In addition, Defendants have consistently stated, including in their pre-motion letter to the Court, that the SEC "bears the burden of establishing, for each document, those facts that are essential elements of the claimed privilege or privileges," and that the deficiencies of the SEC's privilege logs do not enable "Defendants (and this Court) to assess the SEC's privilege assertions."[9]  By failing to provide the most fundamental information required by the applicable law and rules, including the descriptions of the subject matter and the names of the authors and recipients of withheld documents, the SEC effectively precluded Defendants from challenging specific privilege assertions.  Thus, Defendants' Motion highlights only the obvious errors and contradictions in the SEC's deficient privilege logs.  For example, Defendants' Motion highlights that the SEC asserts a seemingly made-up privilege, "the intergovernmental investigative privilege," that has not been recognized by any federal or state court.  Notably, the SEC's recently revised privilege log attempts to address each of the deficiencies highlighted by Defendants' Motion.  For example, the SEC has omitted its "intergovernmental investigative privilege" assertion in its revised privilege log.  Also in direct response to this Motion, the SEC has removed other privilege assertions from many of the entries on the privilege logs, including its assertion of the "law enforcement investigative privilege."

Thus, the SEC's procedural objection is unfounded and is merely an attempt to avoid the penalty and consequences of its dilatory tactics and unreasonable refusals to produce privilege logs that comply with the applicable law and rules.  According to the SEC, a party producing a deficient privilege log may, without running the risk of the privilege assertions being deemed waived by the court, continuously and unreasonably refuse to cure the deficiencies until the Court has approved formal motion practice and a formal motion is subsequently served on the

---

[9] Morgan Decl. Ex. G. at 2-3 (quotations omitted).

party. The SEC's assertion is nonsensical and contrary to the intent behind the applicable rules and, as discussed above, well-established law.[10]

### C. The SEC's Revised Privilege Log is Deficient

The SEC's revised privilege log that was produced in response to this Motion contains many of the same deficiencies of the SEC's original privilege logs. The SEC improperly relies on Memoranda of Understanding ("MOUs") between the SEC and foreign agencies, and a misreading of the Securities Exchange Act to withhold information that is otherwise discoverable. Further, the SEC again fails to provide the information necessary for Defendants and this Court to assess the applicability of the SEC's privilege assertions. Therefore, Defendants respectfully request that the Court grant their Motion.

#### 1. The SEC's reliance on MOUs and the Securities Exchange Act to withhold documents referenced in its privilege log is misplaced.

This Court should not condone the SEC's misconduct of withholding documents based on privileges that are not recognized by the applicable law or rules. In its opposition to Defendants' Motion, the SEC improperly attempts to argue that it can withhold discoverable information based on MOUs with foreign agencies and a gross misreading of the Securities Exchange Act. Also, in its recently revised and produced privilege log, the SEC again resorts to using cursory labels to describe the subject matter of the documents that it is improperly withholding based on the MOUs. By doing so, the SEC has wholly disregarded this Court's warnings and continues to flout the applicable law and rules, thereby making an assessment of the SEC's privilege assertions impossible.

In its opposition to Defendants' Motion, the SEC fails, again, to cite a single case in

---

[10] *Crawford*, 261 F.R.D. 34, 43 (stating that "the consequence of serving a deficient privilege log may be the waiver of a privilege claim"); *see also Grand Rivers*, 2009 WL 63461, at *4; *Civ. Practice S.D.N.Y.* § 14:4 ("Failure to comply with the explicit requirements of Rule 26.2 may be considered presumptive evidence that the claim of privilege is without factual or legal foundation, or may even result in a waiver of the privilege.").

- 6 -

support of its contention that it does not have to comply with the Federal Rules of Civil Procedure because of the SEC's obligations under certain MOUs with foreign agencies. Instead, the SEC primarily cites to cases in its opposition that deal with appeals of administrative decisions made by government agencies. None of the cases cited in the SEC's opposition discuss or even mention MOUs in the context of a motion to compel the production of documents under the Federal Rules of Civil Procedure.[11] This Court, in previously responding to this novel contention of the SEC, aptly stated: "Well if you want to brief it, that's fine, *but I'm governed by the Federal Rules of Civil Procedure*."[12] As the SEC does not (and cannot) contend that the Federal Rules of Procedure provide that the SEC is authorized to withhold producing otherwise discoverable information because that information was received in connection with the MOUs, the SEC's assertion that it can withhold documents based on the MOUs must be rejected.

Likewise, the SEC's reliance on the Securities Exchange Act to justify withholding otherwise discoverable information is misplaced. The SEC contends that 15 U.S.C. § 78x(d) and (f)(2) purportedly preclude this Court from ordering the SEC to produce the withheld discoverable information at issue. The SEC is wrong, and its contention is based on a misreading of those sections and a glaring omission of a key section of that statute. While § 78x(d) and (f)(2) place some limitation on the production of certain information obtained by the SEC from foreign agencies, the statute's Savings Provision, § 78x(g), which is not even

---

[11] *See* SEC's Opp'n 8-9 (citing *Sumitomo Shoji Am., Inc. v. Avagliano*, 457 U.S. 176 (1982) (addressing the issue of whether the Friendship, Commerce and Navigation Treaty precluded a Title VII civil rights claim against a Japanese company's subsidiary in the US); *De Los Santos Mora v. N.Y.*, 524 F.3d 183 (2d Cir. 2008) (appeal of a civil rights action challenging a detention by the state of New York under the Vienna Convention); *United States v. Al-Hamdi*, 356 F.3d 564, 570 (4th Cir. 2004) (appeal challenging a criminal conviction based on immunity under the Vienna Convention); *Iceland Steamship Co. v. Dep't of the Army*, 201 F.3d 451 (D.C. Cir. 2000) (addressing a challenge to the U.S. Army's decision regarding bids for certain government contracts); *Banke Melli Iran v. Pahlavi*, 58 F.3d 1406 (9th Cir. 1995) (addressing the enforcement of a default judgment under Algerian Accords); *Air Canada v. Dep't of Transp.*, 843 F.2d 1483 (D.C. Cir. 1988) (appeal of the Department of Transportation's decision to deny extra terminal slots at an airport).

[12] Tr. 76:23-24, Morgan Decl. Ex. I (emphasis added).

mentioned in the SEC's opposition, unambiguously provides: "Nothing in this section shall . . . *prevent the Commission from complying with an order of a court of the United States in an action commenced by the United States or the Commission*."[13]  The SEC's decision to omit this key section of the statute from its opposition is troubling and reflects the dilatory tactics employed by the SEC in this case, which was commenced by the SEC.

Moreover, the SEC's opposition to Defendants' Motion and its recently revised privilege log fail to set forth the requisite information to assess the applicability of § 78x(d) and (f)(2).  In its attempt to use these provisions, the SEC merely states in its opposition that foreign agencies "each have requested that the SEC keep confidential its communications with the SEC in this matter."  (SEC's Opp'n 10.)  However, § 78x(d) requires much more, including evidence that "the foreign securities authority has in good faith determined and represented to the Commission that public disclosure of such records would violate the laws applicable to that foreign securities authority."  § 78x(d).  The SEC's opposition makes no mention of such a violation of law, and the SEC has failed to proffer any proof showing that a foreign agency has made such a determination in good faith.  Likewise, § 78x(f)(2) requires a showing that the foreign authority "has in good faith determined and represented to the Commission that the information is privileged."  § 78x(f)(2).  Again, the SEC's opposition makes no mention of such a good faith determination by a foreign authority that the withheld information is privileged, and the SEC has not proffered any proof of such a determination.  Further, instead of providing a description of the subject matter that allows for an intelligent assessment of the asserted privileges, the SEC has continued its improper practice of using cursory labels to describe the subject matter of the withheld documents.  The SEC's repeated refusals to comply with the applicable law and rules

---

[13] § 78x(g) (emphasis added).

preclude Defendants and this Court from assessing the applicability of not only the Securities Exchange Act, but also the applicability of the SEC's other privilege assertions, including the work product doctrine and the common interest doctrine.

### 2. The SEC fails to show the applicability of the informant's privilege.

The SEC has similarly failed to provide the requisite information to assess its claim regarding that applicability of the informant's privilege. Like the deliberative process privilege, "the informant's privilege is properly invoked only when it is asserted by a formal claim of privilege lodged by the head of the department having control over the requested information."[14] While "[t]he 'agency head' may delegate his authority to claim the privilege," he may only do so "to a subordinate of high authority, and the delegation must be accompanied by guidelines on the use of the privilege." *Id.* In addition, any "[d]elegation and assertion of the privilege must be in writing,"[15] and "the assertion of the privilege must [be] based upon actual personal consideration of the facts by that official."[16] Further, the informant's privilege is not absolute; "rather, the court must balance a litigant's need for the information against the public interest in preventing disclosure of the informant's identity."[17] Here, the SEC has failed to proffer any support for its assertion of the informant's privilege. Although the SEC has submitted a declaration for its assertion of the deliberative process privilege (Holden Decl. Ex. M), it has not done so for its assertion of the informant's privilege.

---

[14] *Martin v. Albany Bus. Journal, Inc.*, 780 F. Supp. 927, 931 (N.D.N.Y. 1992).

[15] *Chao v. Westside Drywall, Inc.*, 254 F.R.D. 651, 657 (D. Or. 2009).

[16] *Martin*, 780 F. Supp. at 931.

[17] *Chao v. Sec. Credit Sys., Inc.*, No. 08-267A, 2009 WL 1748716, at *1 (W.D.N.Y. June 19, 2009) (internal citations omitted).

### 3. The SEC fails to establish the applicability of the common interest doctrine.

Even assuming that its privilege assertions are upheld, the SEC has not met its burden of showing that the common interest doctrine extends those privileges to information exchanged with foreign agencies. In order to establish the applicability of the common interest doctrine, the party asserting a privilege claim must show:

> (1) that all clients and attorneys with access to the communication had in fact agreed upon a joint approach to the matter communicated; and (2) that the information was imparted with the intent to further the common purpose.[18]

Thus, "[w]here the parties have not yet agreed to proceed jointly on the matter communicated, the common interest rule will not apply." *Id.* Notably, the common interest "does not . . . provide 'an independent source of privilege or confidentiality.'"[19] The SEC offers no support for its contention that the common interest doctrine is applicable, and does not even state that the SEC and foreign agencies actually entered into an agreement on a joint approach prior to the exchange of the withheld documents at issue. Further, the SEC does not (and cannot) cite to a single case that supports its expansive application of the common interest doctrine in connection with the work product doctrine.[20]

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court compel the SEC to produce promptly to Defendants all of documents referenced in the SEC's privilege logs.

---

[18] *SEC, Inc. v. Wyly*, No. 10-5760 (SAS), 2011 WL 3851129, at *1 (S.D.N.Y. June 17, 2011).

[19] *HSH Nordbank AG N.Y. Branch v. Swerdlow*, 259 F.R.D. 64, 71 (S.D.N.Y. 2009).

[20] The SEC only cites to two cases in support of its assertion that the common interest doctrine extends the work product doctrine to information exchanged between a federal agency and foreign agency: *SEC v. Rosenfeld*, 1997 WL 576021 (S.D.N.Y. Sept. 16, 1997) and *Nishnic v. Dep't of Justice*, 671 F. Supp. 771 (D.D.C. 1987). However, both of these cases discuss the common interest doctrine in the context of the investigative or prosecutorial privilege. The SEC has withdrawn its assertions of the investigative or prosecutorial privilege, and now only asserts the work product doctrine.

Dated:  February 21, 2014

        **DLA PIPER LLP (US)**

        /s/ Nicolas Morgan
        Caryn G. Schechtman
        Joshua S. Sohn
        Megan K. Vesely
        1251 Avenue of the Americas
        New York, NY  10020
        (212) 335-4500
        caryn.schechtman@dlapiper.com
        joshua.sohn@dlapiper.com
        megan.vesely@dlapiper.com

        Nicolas Morgan (admitted *pro hac vice*)
        Patrick Hunnius (admitted *pro hac vice*)
        2000 Avenue of the Stars, Suite 400 North Tower
        Los Angeles, CA  90067
        (310) 595-3000
        nicolas.morgan@dlapiper.com
        patrick.hunnius@dlapiper.com

        *Attorneys for Defendants Yorkville Advisors, LLC, Mark Angelo, and Edward Schinik*