UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
SECURITIES AND EXCHANGE                    :
COMMISSION,
                                           :      Civil Action No.:
                    Plaintiff,                    12 CIV 7728 (GBD) (HBP)
                                           :
            -against-
                                           :      ECF CASE
YORKVILLE ADVISORS, LLC, MARK
ANGELO and EDWARD SCHINIK,                 :

                    Defendants.            :
-------------------------------------------------------- X

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS YORKVILLE ADVISORS, LLC, MARK ANGELO, AND EDWARD SCHINIK'S MOTION FOR ATTORNEY'S FEES AND COSTS

**DLA PIPER LLP (US)**

Caryn G. Schechtman
Joshua S. Sohn
1251 Avenue of the Americas
New York, NY  10020
(212) 335-4500
caryn.schechtman@dlapiper.com
joshua.sohn@dlapiper.com

Nicolas Morgan (admitted *pro hac vice*)
Patrick Hunnius (admitted *pro hac vice*)
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, CA  90067
(310) 595-3000
nicolas.morgan@dlapiper.com
patrick.hunnius@dlapiper.com

Megan K. Vesely
555 Mission Street, Suite 2400
San Francisco, CA  94105
(415) 836-2500
megan.vesely@dlapiper.com

*Attorneys for Defendants Yorkville Advisors, LLC,*
*Mark Angelo, and Edward Schinik*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

I.      FACTUAL AND PROCEDURAL SUMMARY ............................................................ 2

II.     ARGUMENT .................................................................................................................. 5

      A.      The SEC's Position Was Not Substantially Justified ........................................... 6

            1.      The SEC's privilege logs as originally prepared were grossly
                 deficient ....................................................................................................... 7

            2.      The SEC only attempted to modify its privilege logs after
                 Defendants' motion ..................................................................................... 8

      B.      Defendants Should Be Awarded Reasonably Attorney's Fees And Costs In
          The Amount Of $96,190.95 ................................................................................ 10

III.    CONCLUSION ............................................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Harley v. Nesby,*
  No. 08 Civ. 5791 (KBF) (HBP), 2011 WL 6188718 (S.D.N.Y. Dec. 12, 2011)........................5

*Hensley v. Eckerhart,*
  461 U.S. 424 (1983)....................................................................................................................10

*In re Telik, Inc. Sec. Litig.,*
  576 F. Supp. 2d 570 (S.D.N.Y. 2008).......................................................................................12

*LV v. N.Y. City Dep't of Educ.,*
  700 F. Supp. 2d 510 (S.D.N.Y. 2010).......................................................................................12

*Mantell v. Chassman,*
  512 F. App'x 21 (2d Cir. 2013) ..............................................................................................5, 6

*Margel v. E.G.L. Gem Lab Ltd.,*
  No. 04 Civ. 1514 (PAC) (HBP), 2009 WL 302069 (S.D.N.Y. Feb. 6, 2009) ...................10, 11

*Nat'l Ass'n for Specialty Food Trade, Inc. v. Construct Data Verlag AG,*
  No. 04 Civ. 2983 (DLC) (KNF), 2006 WL 5804603 (S.D.N.Y. Dec. 11, 2006) ....................12

*Robbins & Myers, Inc. v. J.M. Huber Corp.,*
  No. 01-CV-00201S(F), 2010 WL 3992215 (W.D.N.Y. Oct. 12, 2010) ....................................6

*S. New England Tel. Co. v. Global NAPs Inc.,*
  624 F.3d 123 (2d Cir. 2010)........................................................................................................6

*SEC v. Yorvkille Advisors, LLC,*
  No. 12 Civ. 7728 (GBD) (HPB), 2014 WL 2208009 (S.D.N.Y. May 27, 2014) ............ passim

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(b)(5).................................................................................................................3

Fed. R. Civ. P. 37(a)(5).............................................................................................................5, 9

Karen Sloan, *NLJ Billing Survey: $1,000 Per Hour Isn't Rare Anymore,*
  NATIONAL LAW JOURNAL (Jan. 13, 2014),
  http://www.nationallawjournal.com/id=1202637587261/NLJ-Billing-Survey%3A-
  %241%2C000-Per-Hour-Isn%27t-Rare-Anymore#ixzz34RtJ0FLx .......................................12

Local Civil Rule 26.2(a)(2)(A) .....................................................................................................3

NATIONAL LAW JOURNAL: Billing Rates Across the Country,
http://www.nationallawjournal.com/id=1202636785489 ........................................................11

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and this Court's May 27, 2014 Opinion and Order ("May 27 Order"), Defendants Yorkville Advisors, LLC ("Yorkville"), Mark Angelo, and Edward Schinik (collectively, "Defendants") respectfully move this Court to award Defendants attorney's fees and costs incurred in connection with Defendants' efforts to compel the production of documents referenced in Plaintiff the Securities and Exchange Commission's ("SEC") deficient privilege logs.

## INTRODUCTION

Defendants are entitled to attorney's fees and costs incurred in connection with their efforts to compel the SEC's production of the documents it improperly withheld. This Court's May 27 Order made unequivocally clear that the SEC's conduct was both improper and without any—much less substantial—justification. According to the May 27 Order, the SEC's grossly deficient privilege logs and "totally inadequate" justification for its noncompliance with the applicable rules necessitated Defendants (and this Court) to expend substantial time and resources.[1] Defendants were forced to engage in motion practice and this Court was required to hold a hearing and issue an Opinion and Order, all of which could have been easily avoided had the SEC heeded this Court's clear and direct warnings and complied with the well-established rules governing the withholding of documents on the basis of privilege.

Because the SEC's tactics and gamesmanship are exactly the type of conduct proscribed by the Federal Rules of Civil Procedure and this Court's Local Rules, Defendants respectfully request this Court award the reasonable attorney's fees and costs incurred in connection with their efforts to compel the production of documents covered by this Court's May 27 Order.

---

[1] *SEC v. Yorkville Advisors, LLC*, No. 12 Civ. 7728 (GBD) (HPB), 2014 WL 2208009, at *13 (S.D.N.Y. May 27, 2014).

## I.     FACTUAL AND PROCEDURAL SUMMARY

Defendants served the SEC with their first document requests ("RFPs") in mid-December 2012, and the SEC served Defendants with its response to those RFPs approximately one month later.  Subsequently, the SEC produced two privilege logs: one on January 25, 2013 and the other on February 15, 2013.  Because those privilege logs neither identified the authors and recipients of the withheld documents, nor sufficiently disclosed the subject matter of the withheld documents, Defendants requested that the SEC correct its privilege logs to comply with the applicable law and rules.  The SEC refused to make a single change to either privilege log.

Following the SEC's outright refusal, Defendants tried repeatedly to get the SEC to fix its privilege logs.  These efforts, however, were entirely unavailing, even after this Court made plain at a conference on this issue that it too believed that the logs were deficient:  "I don't think these descriptions are sufficient.  [They don't] allow for an intelligent assessment as to whether or not the privilege is validly asserted."[2]  The Court also directed the parties to review the *Civil Practice in the Southern District of New York*, which warns that relying on a deficient privilege log can result in waiver.[3]  Despite this, the SEC again refused to materially revise its privilege logs.[4]  As a result, the Court approved Defendants' request for leave to pursue formal motion practice.[5]

And even then, the SEC failed to revise its privilege logs.  In late-January 2014, faced with the SEC's repeated refusal to revise its privilege logs to comply with the rules, Defendants

---

[2] Hr'g Tr. 75:24-76:2, Dec. 19, 2013 ("Dec. 19 Tr.").

[3] *Id.* at 80:20-23.

[4] *See* Dec. 19 Tr. 75:22-79:3.

[5] *Id.* at 79:12-15.

filed a Motion to Compel the production of documents referenced in the deficient privilege logs.[6]

Briefing followed and the motion was fully submitted to this Court.

On May 27, 2014, this Court granted Defendants' motion to compel and ordered the SEC

to produce the documents referenced in its deficient privilege logs, excluding a handful of

Suspicious Activity Reports ("SARs") that are protected by a statutory privilege that cannot be

waived regardless of the SEC's misconduct.  In doing so, this Court concluded:

> [T]he SEC's January 25 and February 15, 2013 Privilege Logs do
> not provide the information required by Federal Rule of Civil
> Procedure 26(b)(5), Local Civil Rule 26.2(a)(2)(A) and the
> discovery procedures of the Pilot Project.  In addition, they do not
> provide sufficient information to support the privilege claims
> asserted therein.[7]

The Court reached this conclusion after noting that the SEC's privilege logs "provide even less

information than those the Second Circuit rejected."[8]  With respect to the January 25, 2013

Privilege Log, this Court found that it "fails to provide adequate descriptions of the subject

matter, authors, and recipients of the withheld documents," and noted:

> The information set forth . . . is too sparse to comply with Federal
> Rule of Civil Procedure 26(b)(5). . . . This is clearly not the
> manner in which the privilege ought to have been asserted and
> raises serious concerns in my mind as to the *bona fides* of the
> SEC's assertion of privilege claims in this case.[9]

Likewise, this Court found that the entries on the February 15, 2013 Privilege Log "offer no facts

to support the SEC's assertion of privilege" and do not "contain even basic information that

---

[6] *Yorkville Advisors*, 2014 WL 2208009, at *2.

[7] *Id.* at *12.

[8] *Id.* at *10 (citing *United States v. Contr. Prods. Research, Inc.*, 73 F.3d 464, 474 (2d Cir. 1996)).

[9] *Yorkville Advisors*, 2014 WL 2208009, at *11 (quoting Fed. R. Civ. P. 26(b)(5) and citing *Toney-Dick v. Doar*, No. 12 Civ. 9162 (KBF), 2013 WL 5549921, at *2 (S.D.N.Y. Oct. 3, 2013)).

would support a claim of attorney-client privilege."[10]  In addition, the Court noted that the SEC's "intergovernmental investigative privilege appears to be a fictitious privilege claim."[11]

The Court also rejected the SEC's attempt to oppose Defendants' Motion to Compel by relying on a revised privilege log, which it submitted with its opposition papers.[12]  In addition, the Court noted that the revisions in the SEC's Revised Privilege Log "are so minimal that they suggest that the SEC simply neglected its duty to comply with the Federal and Local Rules when creating the Privilege Logs."[13]  With respect to the SEC's new privilege claims on its Revised Privilege Log that did not appear in the earlier privilege logs, the Court stated:

> Neither the Federal Rules of Civil Procedure nor the Local Civil Rules permit any party to make its assertions of privilege a moving target. . . . The SEC, 'like any ordinary litigant, must abide by the Federal Rules of Civil Procedure and is not entitled to special consideration concerning the scope of discovery,' notwithstanding its statutory and contractual obligations."[14]

Because of the SEC's failure to comply with the applicable law and rules, the Court rejected the SEC's reliance on the Revised Privilege Log.

Thus, excluding a statutory privilege applicable to SARs that cannot be waived regardless of the SEC's noncompliance with the applicable rules and law,[15] this Court held that the SEC's failure to comply with the applicable law and rules "operates as a waiver of any applicable

---

[10] *Yorkville* Advisors, 2014 WL 2208009, at *12.

[11] *Id.* at *12 n.2.

[12] *Id.* at *12-13.

[13] *Id.* at *13.

[14] *Id.* at *13 (quoting *SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 414 (S.D.N.Y. 2009)).

[15] *Yorkville Advisors*, 2014 WL 2208009, at *14.

privilege."[16]  As a result, the Court ordered the SEC to produce the documents listed in its deficient privilege logs, excluding the SARs.[17]

The Court also authorized Defendants to file this Motion for Attorney's Fees and Costs, particularly in light of the SEC's dilatory tactics.[18]  In doing so, the Court noted:

> Here, the inadequacy of the Privilege Logs was the subject of at least four letters; I also addressed the issue during a discovery conference and opined that the privilege logs appeared deficient. Yet, the SEC inexplicably failed to make any effort to amend its privilege logs until after defendants filed the present motion despite my comments . . . that the logs filed . . . were deficient.[19]

Defendants now respectfully move this Court to award Defendants the attorney's and costs incurred in connection with their efforts to compel the production of documents referenced in the SEC's grossly deficient privilege logs.

## II.    ARGUMENT

Under Rule 37(a)(5) of the Federal Rules of Civil Procedure, Defendants are entitled to the attorney's fees and costs incurred in connection with their efforts to compel the production of documents covered by the May 27 Order.[20]  As mandated by the Second Circuit, "a court *must* order a sanction under Rule 37(a)(5) if it is forced to grant a motion to compel discovery *or* the requested discovery is provided after such a motion was filed."[21]  The award of attorney's fees and costs under Rule 37(a) serves several important purposes, including to compensate the

---

[16] *Yorkville Advisors*, 2014 WL 2208009, at *15.

[17] *Id.* at *16.

[18] *Id.*

[19] *Id.* at *10 n.1 (internal citation omitted).

[20] Fed. R. Civ. P. 37(a)(5)(A) (emphasis added); *see also Harley v. Nesby*, No. 08 Civ. 5791 (KBF) (HBP), 2011 WL 6188718, at *11 (S.D.N.Y. Dec. 12, 2011) (concluding that "unless plaintiff's position was 'substantially justified,' [the court] 'must require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees' caused by the failure").

[21] *Mantell v. Chassman*, 512 F. App'x 21, 24 (2d Cir. 2013) (emphasis added) (affirming the district court's sanctions because the non-movant's conduct "forced needless motion practice, wasting time and resources").

moving party,[22] "to protect other parties to the litigation from prejudice resulting from a party's noncompliance with discovery obligations," to "ensure that a party will not benefit from its own failure to comply," and to "serve a general deterrent effect on the case at hand and on other litigation."[23]

Here, the SEC's noncompliance with the applicable law and rules warrants the award of attorney's fees and costs incurred by Defendants as a result of that noncompliance. More specifically, this award is required because the SEC's conduct, which included disregarding this Court's unambiguous warnings, necessitated "needless motion practice, wasting time and resources."[24] The SEC's conduct forced formal motion practice and this Court's intervention, and that alone warrants the award of attorney's fees and costs to Defendants under Rule 37.

### A.    The SEC's Position Was Not Substantially Justified.

The SEC's position with respect to all three of its privilege logs lacked substantial justification because those logs clearly failed to meet the requirements set forth by the Second Circuit, the Federal Rules of Civil Procedure, and this Court's Local Rules. Thus, this Court held, in granting Defendants' Motion to Compel, that "the SEC's *unjustified failure* to serve indices" in compliance with the applicable law and rules "operates as a waiver of any applicable privilege."[25] As this Court noted:

> Here, the inadequacy of the Privilege Logs was the subject of at least four letters; I also addressed the issue during a discovery conference and opined that the privilege logs appeared deficient. Yet, the SEC *inexplicably failed* to make any effort to amend its

---

[22] *See Robbins & Myers, Inc. v. J.M. Huber Corp.*, No. 01-CV-00201S(F), 2010 WL 3992215, at *3 (W.D.N.Y. Oct. 12, 2010).

[23] *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 149 (2d Cir. 2010) (quoting *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988)).

[24] *Mantell v. Chassman*, 512 F. App'x at 24.

[25] *Yorkville Advisors*, 2014 WL 2208009, at *15 (emphasis added).

> privilege logs until after defendants filed the present motion
> despite my comments . . . that the logs filed . . . were deficient.[26]

The SEC's position with regard to its privilege logs was particularly troubling because the SEC maintained that position even after this Court and Defendants highlighted for the SEC the gross deficiencies of its privilege logs.  Rather than heeding the warnings of this Court, the SEC repeatedly relied upon deficient privilege logs.

### 1.  The SEC's privilege logs as originally prepared were grossly deficient.

A cursory review of the SEC's privilege logs makes plain that the SEC lacked any justification for its conduct. This Court held that the SEC's January 25, 2013 Privilege Log "is *clearly* not the manner in which the privilege ought to have been asserted and *raises serious concerns in my mind as to the bona fides of the SEC's assertion of privilege claims in this case*."[27]  Similarly, the Court found that the SEC's February 15, 2013 Privilege Log did not contain "facts to support the SEC's assertion of privilege" or "even basic information that would support a claim of attorney-client privilege."[28]

In addition, the Court noted that the SEC made up a privilege that did not actually exist, explaining that the SEC's "intergovernmental investigative privilege appears to be a fictitious privilege claim."[29]  In addressing the SEC's fictitious privilege claim, the Court highlighted the fact that the SEC's privilege claim was without any justification:  "[T]he SEC has not cited any cases defining or discussing the putative privilege," and  "[n]either [the Court's] research nor defendants' has disclosed any federal case recognizing the privilege."[30]  Thus, not only did the

---

[26] *Yorkville* Advisors, 2014 WL 2208009, at *10 n.1 (emphasis added) (internal citation omitted).

[27] *Id.* at *11 (emphasis added).

[28] *Id.* at *12.

[29] *Id.* at *12 n.2.

[30] *Id.* at *9.

privilege log lack the requisite information under the Federal and Local Rules, but it also contained a fictitious privilege claim that has not been recognized by a single federal court.

>    **2.**    **The SEC only attempted to modify its privilege logs after Defendants' motion.**

The SEC acknowledged that it lacked substantial justification by abandoning its privilege logs in response to Defendants' motion. As this Court concluded: "the SEC's failure to address the adequacy of the Privilege Logs and its exclusive reliance on 'an amended privilege log is essentially a concession that the initial privilege logs were inadequate.'"[31] In addition, the SEC was not substantially justified in relying on the Revised Privilege Log because it, as this Court found, "still fails to provide details" required under the Federal Rules of Civil Procedure and this Court's Local Rules. Further, the SEC's Revised Privilege Log was served on Defendants only after Defendants filed their motion to compel.[32]

Additionally, the Court found that the differences between the SEC's January 25 and February, 15 2013 Privilege Logs and its Revised Privilege Logs "are so minimal that they suggest that *the SEC simply neglected its duty* to comply with the Federal and Local rules when creating the Privilege Logs."[33] Moreover, the SEC's reliance on the Revised Privilege Log is highly questionable because the Revised Privilege Log contains privilege claims that the SEC never asserted in its previous privilege logs. Such tactics, as this Court noted, are improper under the Federal and Local Rules: "Neither the Federal Rules of Civil Procedure nor the Local Civil Rules permit [the SEC] to make its assertions of privilege a moving target."[34] Thus, as it

---

[31] *Yorkville* Advisors, 2014 WL 2208009, at *10 (quoting *Aurora Loan Servs., Inc. v. Posner, Posner & Assoc., Inc.*, 499 F. Supp. 2d 475, 479 (S.D.N.Y. 2007)).

[32] *Yorkville* Advisors, 2014 WL 2208009, at *10 n.1.

[33] *Id.* at *13 (emphasis added).

[34] *Id.*

did with the January 25 and February 15, 2013 Privilege Logs, the SEC lacked substantial justification in relying upon its Revised Privilege Log.

Finally, Defendants are entitled to an award of attorney's fees and costs under Rule 37 because the SEC served its Revised Privilege Log only *after* Defendants filed their Motion to Compel.[35]   Under Rule 37(a)(5), "if the disclosure or requested discovery is provided *after* the motion [to compel] was filed—the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[36]   Here, the SEC continuously refused to comply with the applicable law and rules until its response to Defendants Motion to Compel was due to this Court.  As this Court noted:

> [T]he inadequacy of the Privilege Logs was the subject of at least four letters; I also addressed the issue during a discovery conference and opined that the privilege logs appeared deficient. *Yet, the SEC inexplicably failed to make any effort to amend its privilege logs until after defendants filed the present motion despite my comments . . . that the logs filed . . . were deficient.*[37]

And when the SEC finally did produce the Revised Privilege Log in the face of Defendants' Motion to Compel, it again, as this Court found, failed to meet the requirements for asserting privilege under the applicable law and rules.[38]   Thus, under Rule 37(a)(5), Defendants are entitled to attorney's fees and costs incurred in connection with Defendants' efforts to compel the production of documents referenced in the SEC's grossly deficient privilege logs.

---

[35] *Yorkville Advisors*, 2014 WL 2208009, at *10, n.1.

[36] Fed. R. Civ. P. 37(a)(5) (emphasis added).

[37] *Yorkville Advisors*, 2014 WL 2208009, at *10 n.1 (emphasis added) (internal citation omitted).

[38] *Id.* at *12 ("The Revised Privilege Log . . . still fails to provide details for documents . . . .").

**B.      Defendants Should Be Awarded Reasonably Attorney's Fees And Costs In The Amount Of $96,190.95.**

Defendants respectfully request that the Court award Defendants reasonable attorney's fees and costs incurred in connection with their efforts to compel the production of documents referenced in SEC's deficient privilege logs in the amounts of $95,736.50 and $454.45, respectively.[39]  In support of this Motion, Defendants have submitted contemporaneous records of time and costs that set forth the dates on which services were performed, the hours spent, and the nature of the services performed.[40]

"In determining a 'presumptively reasonable fee,' the 'essential calculation' is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"[41] In determining the hours reasonably expended, "[t]he critical inquiry is 'whether, at the time the work was performed, a reasonably attorney would have engaged in similar time expenditures,'"[42] which excludes hours that are "excessive, redundant, or otherwise unnecessary."[43]   "The reasonable hourly rate is 'the rate a paying client would be willing to pay,'" [44] and should be "market rates 'in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'"[45]  Notably, "the market for

---

[39] The contemporaneous time and cost records are contained in the lists attached as Exhibits A & B to the Declaration of Nicolas Morgan, dated June 26, 2014 ("Morgan Decl."), ¶¶ 2-4, Exs. A & B.

[40] *Id.*

[41] *Margel v. E.G.L. Gem Lab Ltd.*, No. 04 Civ. 1514 (PAC) (HBP), 2009 WL 302069, at *2 (S.D.N.Y. Feb. 6, 2009) (quoting *Hnot v. Willis Grp. Holdings Ltd.*, No. 01 Civ. 6558 (GEL), 2008 WL 1166309, at *1 (S.D.N.Y. Apr. 7, 2008)); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

[42] *Margel*, 2009 WL 302069, at *2 (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)).

[43] *Margel*, 2009 WL 302069, at *2 (quotations omitted).

[44] *Id.* at *3 (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)).

[45] *Margel*, 2009 WL 302069, at *3 (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).

particular legal services may be defined by a practice area, rather than a geographic area, and the market may not necessarily be coextensive with the district itself."[46]

Here, the contemporaneous time reports set forth a reasonable number of hours expended by Defendants' attorneys in connection with their efforts to compel the production of documents referenced in SEC's deficient privilege logs.   The SEC stubbornly and repeatedly refused to produce privilege logs that comply with the applicable law and rules, thereby forcing Defendants' attorneys to prepare multiple communications and letters, submissions to this Court, as well as a Motion to Compel and the memoranda of law in support of that Motion.   In addition, as a result of the SEC's unjustified position, Defendants' attorneys were required to prepare for and conduct a meet and confer with the SEC.   The SEC's misconduct also forced Defendants' attorneys to prepare for and attend a hearing before this Court.   Thus, the hours expended by Defendants' attorneys as a result of the SEC's continuous refusal to comply with the applicable law and rules are reasonable.[47]

The hourly rates set forth in the contemporaneous time records are also reasonable. Defendants' attorneys have vast experience and specialized qualifications in the areas of securities law and SEC enforcement investigations and litigation.[48]   Further, according to the *National Law Journal*, the hourly rates set forth in the contemporaneous time records are consistent with the hourly rates of attorneys at comparable large law firms.[49]   For example, the 2014 annual survey by the *National Law Journal* calculated the average partner and associate

---

[46] *Margel*, 2009 WL 302069, at *3 (citing *Arbor Hill*, 522 F.3d at 192).

[47] Morgan Decl. ¶¶ 5-6.

[48] *Id.* ¶¶ 7-13.

[49] NATIONAL LAW JOURNAL: Billing Rates Across the Country, *available at* http://www.nationallawjournal.com/id=1202636785489 (last visited June 12, 2014); *see also Margel*, 2009 WL 302069, at *8 (considering the *National Law Journal*'s billing survey in finding attorney's hourly rate of $585.00 reasonable).

rates at a large law firm in New York to be $882.00 and $502.00, respectively.[50]  Here, the

hourly rates of Defendants' attorneys range from $505.00 to $915.00,[51] which are consistent with

market hourly rates.[52]   Therefore, Defendants respectfully request that the Court award

Defendants attorney's fees and costs incurred in connection with their efforts to compel the

production of documents referenced in SEC's deficient privilege logs in the amounts of

$95,736.50 and $454.45, respectively.[53]

**III.   CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant the

Motion for Attorney's Fees and Costs.

---

[50] Karen Sloan, *NLJ Billing Survey: $1,000 Per Hour Isn't Rare Anymore*, NATIONAL LAW JOURNAL (Jan. 13, 2014), http://www.nationallawjournal.com/id=1202637587261/NLJ-Billing-Survey%3A-%241%2C000-Per-Hour-Isn%27t-Rare-Anymore#ixzz34RtJ0FLx.  A true and correct copy of this article is attached as Exhibit C to the Morgan Decl.

[51] Morgan Decl. ¶¶ 7-13.

[52] *See In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 590 (S.D.N.Y. 2008) (finding that, in 2008, "both substantial precedent and a market check demonstrate" that partner and associate rates of $750 and $550, respectively, were reasonable).  *See also LV v. N.Y. City Dep't of Educ.*, 700 F. Supp. 2d 510, 523 (S.D.N.Y. 2010) (finding that a paralegal's hourly rate of "$150 is within the range of rates recently awarded for such work"); *Nat'l Ass'n for Specialty Food Trade, Inc. v. Construct Data Verlag AG*, No. 04 Civ. 2983 (DLC) (KNF), 2006 WL 5804603, at *6 (S.D.N.Y. Dec. 11, 2006) (finding that "$200 is a reasonable hourly rate for the work performed by a senior paralegal").

[53] Morgan Decl., Exs. A & B.

Dated:  June 26, 2014

DLA PIPER LLP (US)

/s/ Nicolas Morgan
Caryn G. Schechtman
Joshua S. Sohn
1251 Avenue of the Americas
New York, NY  10020
(212) 335-4500
caryn.schechtman@dlapiper.com
joshua.sohn@dlapiper.com

Nicolas Morgan (admitted *pro hac vice*)
Patrick Hunnius (admitted *pro hac vice*)
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, CA  90067
(310) 595-3000
nicolas.morgan@dlapiper.com
patrick.hunnius@dlapiper.com

Megan K. Vesely
555 Mission Street, Suite 2400
San Francisco, CA  94105
(415) 836-2500
megan.vesely@dlapiper.com

*Attorneys for Defendants Yorkville Advisors, LLC,
Mark Angelo, and Edward Schinik*