UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
SECURITIES AND EXCHANGE           :
COMMISSION,
                                                           :    Civil Action No.:
                Plaintiff,        12 CIV 7728 (GBD) (HBP)
                                                           :
      -against-
                                                           :    ECF CASE
YORKVILLE ADVISORS, LLC, MARK
ANGELO and EDWARD SCHINIK,     :

                Defendants.         :
-------------------------------------------------------- X

# REPLY BRIEF IN SUPPORT OF DEFENDANTS YORKVILLE ADVISORS, LLC, MARK ANGELO, AND EDWARD SCHINIK'S MOTION FOR ATTORNEY'S FEES AND COSTS

**DLA PIPER LLP (US)**

Caryn G. Schechtman
Joshua S. Sohn
1251 Avenue of the Americas
New York, NY  10020
(212) 335-4500
caryn.schechtman@dlapiper.com
joshua.sohn@dlapiper.com

Nicolas Morgan (admitted *pro hac vice*)
Patrick Hunnius (admitted *pro hac vice*)
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, CA  90067
(310) 595-3000
nicolas.morgan@dlapiper.com
patrick.hunnius@dlapiper.com

*Attorneys for Defendants Yorkville Advisors, LLC, Mark Angelo, and Edward Schinik*

## TABLE OF CONTENTS

Page

I. THE SEC'S POSITION WAS WITHOUT SUBSTANTIAL JUSTIFICATION ............. 1

    A. This Court's May 27 Order Establishes That the SEC Maintained a Position That Was Not Substantially Justified. ...................................................... 1

    B. The SEC Fails to Prove That Its Position Was Substantially Justified .................. 2

    C. No Other Circumstances Exist That Preclude This Court From Granting Defendants' Motion. ............................................................................................... 5

II. DEFENDANTS ARE ENTITLED TO FEES AND COSTS UNDER RULE 37 ............. 6

    A. Federal Rule of Civil Procedure 37(a)(5) Is Applicable. ....................................... 6

    B. Defendants Are Entitled to Fees and Costs Under Rule 37(a)(5)(A) Because the SEC Produced the Requested Discovery After Defendants Filed the Motion to Compel. .............................................................................. 7

    C. Defendants Are Also Entitled to Fees and Costs Under Rule 37(a)(5)(A) Because This Court Granted the Motion to Compel. ............................................. 7

    D. Defendants Are Also Entitled to Fees and Costs Under Rule 37(a)(5)(C) ............ 8

III. DEFENDANTS REQUEST REASONABLE FEES AND COSTS ................................. 9

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alliance Indus., Inc. v. Longyear Holding, Inc.,*
No. 08CV490S, 2010 WL 3991636 (W.D.N.Y. Oct. 12, 2010) ................................................. 9

*Black v. Pilot Travel Ctrs., LLC,*
No. CIV. 09-4170-KES, 2011 WL 3421595 (D.S.D. Aug. 4, 2011) ........................................ 7

*Dorroh v. Deerbrook Ins. Co.,*
No. 1:11-cv-2120 AWI GSA, 2012 WL 4364149 (E.D Cal. Sept. 21, 2012) ........................... 5

*Lafleur v. Ean Holdings, LLC,*
No. 12-233-SDD-RLB, 2013 WL 2490613 (M.D. La. June 10, 2013) .................................... 7

*Margel v. E.G.L. Gem Lab Ltd.,*
No. 04 Civ. 1514 (PAC) (HBP), 2009 WL 302069 (Feb. 6, 2009) ......................................... 10

*Mantell v. Chassman,*
512 F. App'x 21 (2d Cir. 2013) ................................................................................................. 1

*Miltope Corp. v. Harford Cas. Ins. Co.,*
163 F.R.D. 191 (S.D.N.Y. 1995) ............................................................................................... 6

*New York v. Solvent Chem. Co.,*
210 F.R.D. 462 (W.D.N.Y. 2002) .......................................................................................... 6, 7

*SEC v. Yorvkille Advisors, LLC,*
No. 12 Civ. 7728 (GBD) (HPB), 2014 WL 2208009 (S.D.N.Y. May 27, 2014) ............ passim

*Travel Sentry, Inc. v. Tropp,*
669 F. Supp. 2d 279 (E.D.N.Y. 2009) ....................................................................................... 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26 .......................................................................................................................... 6, 7

Fed. R. Civ. P. 34 .......................................................................................................................... 6, 7

Fed. R. Civ. P. 37 ........................................................................................................................ passim

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and this Court's May 27, 2014 Opinion and Order (the "May 27 Order"), Defendants Yorkville Advisors, LLC ("Yorkville"), Mark Angelo, and Edward Schinik (collectively, "Defendants") respectfully submit this Reply Brief in Support of their Motion for Attorney's Fees and Costs incurred in connection with Defendants' efforts to compel the production of documents referenced in Plaintiff the Securities and Exchange Commission's ("SEC") deficient privilege logs served on January 25, 2013 and February 15, 2013 ("Privilege Logs").

I. THE SEC'S POSITION WAS WITHOUT SUBSTANTIAL JUSTIFICATION

   A. This Court's May 27 Order Establishes That the SEC Maintained a Position That Was Not Substantially Justified.

The SEC's position of continuously relying on Privilege Logs that did not comply with even the most fundamental requirements set forth by the Second Circuit, the Federal Rules of Civil Procedure, and this Court's Local Rules was without justification. Indeed, this Court has already held that "the SEC's *unjustified failure* to serve indices of privileged documents in a timely and proper manner operates as a waiver of any applicable privilege. . . ."[1] The SEC was particularly unjustified, and lacking in good faith, when "the SEC *inexplicably* failed to make any effort to amend its privilege logs"[2] even after this Court highlighted for the SEC the deficiencies of the Privilege Logs, thereby necessitating "needless motion practice, wasting time and resources."[3] Moreover, as this Court found, the SEC conceded that its reliance on the Privilege Logs was unjustified by abandoning the Privilege Logs in response to Defendants' Motion to Compel: "[T]he SEC's failure to address the adequacy of the Privilege Logs and its

---

[1] *SEC v. Yorvkille Advisors, LLC*, No. 12 Civ. 7728 (GBD) (HPB), 2014 WL 2208009, at *15 (S.D.N.Y. May 27, 2014) (emphasis added).

[2] *Id.* at *10 n.1 (emphasis added).

[3] *Mantell v. Chassman*, 512 F. App'x 21, 24 (2d Cir. 2013).

exclusive reliance on an 'amended privilege log is essentially a concession that the initial privilege logs were inadequate.'"[4]

Further, this Court specifically found that each of the SEC's Privilege Logs, and the revised privilege log, fail to meet even the basic requirements under the applicable law and rules. For example, this Court found that the January 25 Privilege Log, which "fails to provide adequate descriptions of the subject matter, authors and recipients of the withheld documents, . . . is *clearly* not the manner in which the privilege ought to have been asserted and *raises serious concerns in my mind as to the bona fides of the SEC's assertion of privilege claims in this case*."[5] Likewise, this Court found that the SEC's February 15 Privilege Log did not contain "facts to support the SEC's assertion of privilege"[6] or "even basic information that would support a claim of attorney-client privilege."[7] This Court also found that the SEC's revised privilege log "still fails to provide details" required under the applicable law and rules.[8] Significantly, the Court found that the differences between the Privilege Logs and the revised privilege log "are so minimal that they suggest that *the SEC simply neglected its duty* to comply with the Federal and Local rules when creating the Privilege Logs."[9] Thus, the factual findings in this Court's May 27 Order unequivocally establish that the SEC's position was without substantial justification.

### B. The SEC Fails to Prove That Its Position Was Substantially Justified.

Recognizing that this Court's May 27 Order establishes that the SEC's position was not substantially justified, the SEC argues that this Court's factual findings and conclusions were

---

[4] *Yorkville Advisors*, 2014 WL 2208009, at *10 (quoting *Aurora Loan Servs., Inc. v. Posner, Posner & Assoc.*, 499 F. Supp. 2d 475, 479 (S.D.N.Y. 2007)).

[5] *Yorkville Advisors*, 2014 WL 2208009, at **10-11 (emphasis added).

[6] *Id.* at *12.

[7] *Id.*

[8] *Id.*

[9] *Id.* at *13 (emphasis added).

incorrect.[10] In making this argument, the SEC asserts that "reasonable persons" could disagree with this Court's factual findings and conclusions that the SEC's Privilege Logs were grossly deficient.[11] The SEC is wrong. Contrary to the SEC's assertion, no reasonable person could find that the SEC met even the most fundamental requirements for withholding documents on the basis of privilege. As this Court found, the SEC's Privilege Logs fail to provide "even basic information that would support a claim of attorney-client privilege,"[12] and "fail[] to provide adequate descriptions of the subject matter, authors and recipients of the withheld documents."[13] Faced with such factual findings, a reasonable person could not conclude that the SEC's reliance on the deficient Privilege Logs was substantially justified. Nor could a reasonable person disagree with this Court that a privilege log that contains "a fictitious privilege claim" is deficient and noncompliant with the applicable law and rules.[14] Thus, this Court noted that the SEC's conduct suggests that "*the SEC simply neglected its duty* to comply with the Federal and Local rules when creating the Privilege Logs,"[15] and "is *clearly* not the manner in which the privilege ought to have been asserted and *raises serious concerns in my mind as to the bona fides of the SEC's assertion of privilege claims in this case*."[16] A reasonable person simply could not have reached a different conclusion.

The SEC also attempts to undermine this Court's factual findings and conclusions by arguing that the requisite information on the Privilege Logs, including general descriptions of the

---

[10] *See* Opp'n at 1 (stating that the SEC "respectfully disagree[s]" with the "court's ruling"). Notably, the SEC's Opposition is not an appropriate means of challenging this Court's May 27 Order, and the deadline for such a challenge has long since passed.

[11] *Id.* at 12.

[12] *Yorkville Advisors*, 2014 WL 2208009, at *12.

[13] *Id.* at *10.

[14] *Id.* at *12 n.2.

[15] *Id.* at *13 (emphasis added).

[16] *Id.* at *11 (emphasis added).

subject matter and names of authors and recipients of documents, was prohibited by the SEC's obligations under the Anti-Money Laundering Act and certain memoranda of understanding with foreign government agencies.[17] However, this Court has already rejected that argument as meritless: "The SEC, 'like any ordinary litigant, must abide by the Federal Rules of Civil Procedure and is not entitled to special consideration concerning the scope of discovery,' *notwithstanding its statutory and contractual obligations*."[18] And as this Court noted: "As attorneys admitted to practice in this Court, the SEC's attorneys are deemed to have knowledge of the Court's rules."[19] The SEC's continuous refusal to comply with those rules—even after this Court highlighted the deficiencies of the SEC's Privilege Logs—was without substantial justification. Additionally, the SEC has not proffered any explanation as to how providing the basic requisite information, such as the names of federal employees who authored or received the documents at issue, would violate its statutory and contractual obligations. The SEC could not hide behind its statutory and contractual obligations in opposing Defendants' Motion to Compel, and it should not be allowed to hide behind those obligations now in opposing this Motion.

Further, the SEC's contention that it was substantially justified because the documents listed in the Privilege Logs were in fact privileged and of little relevance to this case must also be rejected. The SEC simply misses the point of Defendants' Motion to Compel and this Court's May 27 Order. Due to the SEC's repeated refusal to provide even the most fundamental information required for withholding documents on the basis of privilege, the Court (and Defendants) could not assess the validity of the SEC's privilege assertions (or the relevancy of the documents). Moreover, even a cursory review of some of the documents listed on the

---

[17] *See* Opp'n at 2.

[18] *Yorkville Advisors*, 2014 WL 2208009, at *13 (quoting *SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 414 (S.D.N.Y. 2009)) (emphasis added).

[19] *Yorkville Advisors*, 2014 WL 2208009, at *13.

Privilege Logs establishes that the documents are not even remotely privileged, and that this Court was correct to be concerned with "the *bona fides* of the SEC's assertion of privilege claims in this case."[20] For example, some of the documents are emails exchanged between certain government agencies in order to schedule meetings.

   **C. No Other Circumstances Exist That Preclude This Court From Granting Defendants' Motion.**

The SEC attempts to shift the focus away from this Court's factual findings and conclusions by devoting a substantial portion of its Opposition to making baseless accusations that Defendants have burdened this Court and the SEC with "procedural abuses."[21] However, not only are those alleged "procedural abuses" irrelevant, but the SEC's primary supports for those mischaracterizations is a self-serving declaration of counsel. Notably, this Court has never awarded the SEC expenses as a result of the alleged "procedural abuses." This is because while this Court has found that the SEC engaged in misconduct that constitutes an "unjustified failure" to comply with the applicable law and rules, it has never made such a finding with respect to Defendants' conduct.[22] Further, *Dorroh v. Deerbrook Ins. Co.*, the only case that the SEC cites in support of this argument, is entirely distinguishable.[23] In that non-binding case, unlike here, both the plaintiff and defendant brought motions to compel, which were each granted in part, as well as motions for expenses.[24] The court denied both motions for expenses because "*both parties have engaged in dilatory tactics.*"[25] Here, the dilatory tactics are one-sided. This Court

---

[20] *Yorkville Advisors*, 2014 WL 2208009, at *11.

[21] Opp'n at 7.

[22] *Yorkville Advisors*, 2014 WL 2208009, at *15.

[23] No. 1:11-cv-2120 AWI GSA, 2012 WL 4364149 (E.D. Cal. Sept. 21, 2012).

[24] *Id.* at *10.

[25] *Id.* at *11 (emphasis added).

has questioned only "the *bona fides* of the SEC's assertion of privilege claims"[26] and found that only the SEC's conduct constituted an "unjustified failure" to comply with the rules.[27]

## II. DEFENDANTS ARE ENTITLED TO FEES AND COSTS UNDER RULE 37

### A. Federal Rule of Civil Procedure 37(a)(5) Is Applicable.

The SEC's argument that Rule 37(a)(5) is inapplicable to motions to compel the production of purportedly privileged documents is contrary to the unambiguous language of the rule and case law. Here, Defendants served document requests to the SEC pursuant to Rule 34. In response, the SEC relied on Rule 26(b)(5) to withhold documents and produced the Privilege Logs. Thereafter, the Defendants filed a Motion to Compel the withheld documents listed on the deficient Privilege Logs. Based on a contorted interpretation of that procedural history, the SEC asserts that Defendants' Motion to Compel only involved Rule 26(b)(5), which is not one of the rules specifically identified under Rule 37(a)(3). Therefore, according to the SEC, Rule 37(a)(5) is inapplicable here. The SEC is wrong in every respect.

First, the SEC's contention is contrary to the unambiguous language of Rule 37(a), specifically subsections (a)(3)(iv) and (a)(4), which encompass motions to compel adequate responses to document requests issued under Rule 34.[28] Second, courts have consistently interpreted Rule 37(a)(5) as applying to all discovery motions, including those based on insufficient responses to document requests and deficient privilege logs.[29] Not surprisingly, the

---

[26] *Yorkville Advisors*, 2014 WL 2208009, at *11.

[27] *Id.* at *15.

[28] *See* Fed. R. Civ. P. 37(a)(3) ("To Compel a Discovery Response. A party seeking discover may move for an ordering compelling an answer, . . . production, or inspection . . . if a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34."); Fed. R. Civ. P. 37(a)(4) ("For purposes of subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.).

[29] *See, e.g., New York v. Solvent Chem. Co.*, 210 F.R.D. 462, 473-76 (W.D.N.Y. 2002) ("While nothing in Rule 37 specifically addresses the issue of sanctioning a party's noncompliance with Rule 26(b)(4)(C), the court finds that Rule 37(a) inherently provides authority for the imposition of sanctions for such a violation."); *Miltope Corp. v.*

SEC fails to proffer a single case in support of its argument. Thus, the SEC's contention that Rule 37(a)(5) is inapplicable is wholly without merit.[30]

### B. Defendants Are Entitled to Fees and Costs Under Rule 37(a)(5)(A) Because the SEC Produced the Requested Discovery After Defendants Filed the Motion to Compel.

Importantly, the SEC's Opposition fails to address the argument in Defendants' Motion that they are entitled to fees and costs under Rule 37(a)(5)(A) because the SEC abandoned its deficient Privilege Logs and produced a revised privilege log after Defendants filed the Motion to Compel.[31] Regardless of whether a motion to compel has been granted, Rule 37(a)(5)(A) expressly mandates the award of attorney's fees and costs "if the disclosure or requested discovery is provided after the motion was filed."[32] The SEC does not (and cannot) challenge this argument; therefore, Defendants respectfully request that the Court grant the Motion.

### C. Defendants Are Also Entitled to Fees and Costs Under Rule 37(a)(5)(A) Because This Court Granted the Motion to Compel.

In its Opposition, the SEC contends that Rule 37(a)(5)(A), which directs the Court to award attorney's fees and costs if a motion to compel discovery is granted, does not apply here

---

*Harford Cas. Ins. Co.*, 163 F.R.D. 191, 194 (S.D.N.Y. 1995) ("The sanctions specified under Rule 37 are not exhaustive, and the Court may impose such sanctions as are just."). *See also Lafleur v. Ean Holdings, LLC*, No. 12-233-SDD-RLB, 2013 WL 2490613, at *3 (M.D. La. June 10, 2013) (awarding fees under Rule 37(a)(5)(A) where "objections provided by Plaintiff fail[ed] to satisfy Rule 26(b)(5)(A)"); *Black v. Pilot Travel Ctrs., LLC*, No. CIV. 09-4170-KES, 2011 WL 3421595, at *3 (D.S.D. Aug. 4, 2011) ("Attorney's fees and expenses are appropriate under Rule 37(a)(5)(c) in this case. If Pilot had produced the mandatory privilege log, then Black would not have moved to compel on the first set of documents . . . .").

[30] Moreover, Defendants are also entitled to an award of attorney's fees and costs under Rule 37(d), which applies the same standard for awarding fees and costs as Rule 37(a)(5). Fees and costs are available under Rule 37(d) if "a party, after being properly served with . . . requests for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 284-85 (E.D.N.Y. 2009) ("[The non-movant's] failure to produce . . . documents violated Rule 34, warranting sanctions under Rule 37(d). The default sanction for . . . those violations is attorney's fees."); *Solvent Chem. Co.*, 210 F.R.D. at 473-76 ("Federal courts have well-acknowledged inherent power of a court to levy sanctions in response to abusive litigation practices." (internal quotations omitted)).

[31] *Yorkville Advisors*, 2014 WL 2208009, at *10 n.1.

[32] Fed. R. Civ. P. 37(a)(5)(A).

because this Court did not grant Defendants' Motion to Compel in full.[33] In support of that contention, the SEC states: "The Court denied Defendants' motion with respect to the [Suspicious Activity Reports] listed in the logs . . . ."[34] However, the SEC ignores this Court's factual findings and conclusions with respect to the Suspicious Activity Reports ("SARs"). The only reason that the Court denied the Motion to Compel with respect to the SARs was because that statutory privilege cannot be waived regardless of the SEC's misconduct.[35] Indeed, if that privilege could be waived, the Court would have held that it was waived.[36] Other than the SARs, the Court granted Defendants' Motion to Compel in its entirety. Thus, Defendants are entitled to attorney's fees and costs Rule 37(a)(5)(A).

### D. Defendants Are Also Entitled to Fees and Costs Under Rule 37(a)(5)(C).

Even under Rule 37(a)(5)(C), which applies to motions to compel that are granted in part, Defendants are entitled to fees and costs based on this Court's holding that the SEC's conduct constituted an "unjustified failure" to comply with the applicable law and rules.[37] The SEC argues that attorney's fees cannot be recovered under Rule 37(a)(5)(C) because the term "attorney's fees" is absent.[38] The SEC primarily relies upon two decisions from the District of Maryland.[39] However, as the Western District of New York noted:

> A review of recent case law indicates that the District of Maryland is unique in distinguishing 'attorney's fees' from 'expenses' . . . .

---

[33] *See* Opp'n at 1, 16-17.

[34] *Id.* at 1.

[35] *Yorkville Advisors*, 2014 WL 2208009, at *14 ("I consider the propriety of this privilege because this privilege cannot be waived.").

[36] *Id.* ("[T]he SEC's reliance on the AnnunzioWylie Anti-Money Laundering Act in the Revised Privilege Log is also untimely . . . .").

[37] *Id.* at *15.

[38] Opp'n at 16-17.

[39] *Id.* (discussing *EEOC v. Bardon*, No. 08–1883, 2010 U.S. Dist. LEXIS 23899 (D. Md. Mar. 10, 2012); *EEOC v. McCormick & Schmick's Seafood Rests.*, No. 11-2695, 2012 U.S. Dist. LEXIS 161511 (D. Md. Nov. 8, 2012)).

> *In almost every published decision under Rule 37(a)(5)(C) the courts have decided whether expenses, including attorney's fees, were appropriately awarded and determined what was the proper amount to be awarded* . . . . This Court adopts the Southern District of New York's rationale in *Rahman v. Smith & Wollensky Restaurant Group*, . . . wherein that court held that Rule 37(a)(5)(C) incorporated the substantive standards from the other parts of 37(a)(5) regarding what constitutes a recoverable expense.[40]

Therefore, even under Rule 37(a)(5)(C), Defendants are entitled to attorney's fees and costs.

### III.   DEFENDANTS REQUEST REASONABLE FEES AND COSTS

The SEC argues that the amount of time spent by Defendants in connection with the deficient Privilege Logs is excessive. This objection must be rejected because the SEC ignores the fact that it was the SEC's "unjustified"[41] and "inexplicabl[e]"[42] misconduct that directly caused Defendants (and this Court) to expend a substantial amount of time and resources. Prior to filing the Motion to Compel, Defendants highlighted for the SEC the obvious deficiencies of the Privilege Logs more than once. Nonetheless, the SEC forced Defendants to submit to this Court a letter brief requesting leave to pursue formal motion practice, and to prepare for and attend oral argument. At oral argument, this Court opined that the Privilege Logs were deficient. Despite the Court's concerns, the SEC still unreasonably refused to comply with the applicable law and rules, thereby forcing Defendants to prepare and file the Motion to Compel, which included the task of researching the SEC's "fictitious privilege claim."[43] The SEC's production of a revised privilege log, which raised new privilege claims, after the filing of the Motion to Compel forced Defendants to address those new claims in their reply brief. Thus, the time that

---

[40] *Alliance Indus., Inc. v. Longyear Holding, Inc.*, No. 08CV490S, 2010 WL 3991636, at *5 (W.D.N.Y. Oct. 12, 2010) (agreeing with the sound reasoning of *Rahman v. Smith & Wollensky Rest. Grp.*, No. 06CV6198, 2009 WL 2169762 (S.D.N.Y. July 21, 2009)).

[41] *Yorkville Advisors*, 2014 WL 2208009, at *15.

[42] *Id.* at *10 n.1.

[43] *Id.* at *12 n.2.

Defendants expended in connection with the Privilege Logs was reasonable and a direct result of, as this Court stated, the SEC's "unjustified failure" to comply with rules.[44]

The SEC also objects to the hourly rates set forth in the Motion. However, the SEC ignores the primary factor—the market rate—that is to be considered in determining whether rates are reasonable: "The reasonable hourly rate is 'the rate a paying client would be willing to pay,'"[45] and should be "market rates 'in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'"[46] While the SEC discusses rates that were deemed reasonable in other cases, it offers no support that the rates requested by Defendants are not in line with those prevailing rates in the market. Likewise, the SEC fails to cite any authority for its argument that the standard rate of an attorney should be reduced if the attorney is not admitted in this Court.[47] Rather, in support of this argument, the SEC only relies on its assertion that an attorney admitted in this Court would have "greater experience in New York procedural law."[48] However, the conduct of the SEC's attorneys in this case undermines that assertion. Specifically, this Court found that "[a]s attorneys admitted to practice in this Court, the SEC's attorneys are deemed to have knowledge of the Court's rules."[49] Despite being admitted to this Court, the Court found that the SEC's attorneys engaged in conduct that constituted an "unjustified failure" to comply with those rules.[50] Therefore, the SEC's objections are meritless.

---

[44] *See* Declaration of Nicolas Morgan, dated July 28, 2014.

[45] *Margel v. E.G.L. Gem Lab Ltd.*, No. 04 Civ. 1514 (PAC) (HBP), 2009 WL 302069, at *3 (S.D.N.Y. Feb. 6, 2009) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)).

[46] *Margel*, 2009 WL 302069, at *3 (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).

[47] Opp'n at 20-21.

[48] *Id.* at 20.

[49] *Yorkville Advisors*, 2014 WL 2208009, at *13.

[50] *Id.* at *15.

Dated: July 28, 2014

              **DLA PIPER LLP (US)**

              /s/ Nicolas Morgan
              Caryn G. Schechtman
              Joshua S. Sohn
              1251 Avenue of the Americas
              New York, NY 10020
              (212) 335-4500
              caryn.schechtman@dlapiper.com
              joshua.sohn@dlapiper.com

              Nicolas Morgan (admitted *pro hac vice*)
              Patrick Hunnius (admitted *pro hac vice*)
              2000 Avenue of the Stars, Suite 400 North Tower
              Los Angeles, CA 90067
              (310) 595-3000
              nicolas.morgan@dlapiper.com
              patrick.hunnius@dlapiper.com

              *Attorneys for Defendants Yorkville Advisors, LLC,*
              *Mark Angelo, and Edward Schinik*