

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE 200 VESEY STREET
NEW YORK, NY 10281-1022

WRITER'S DIRECT DIAL LINE
TODD D. BRODY
TELEPHONE: (212) 336-0080
FACSIMILE:  (212) 336-1324

July 9, 2018

**VIA ECF**

Hon. George B. Daniels
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:    <u>SEC v. Yorkville Advisors, LLC: 12-CV-7728</u>

Dear Judge Daniels:

      The Commission respectfully submits this letter in response to Defendants' letter of July 6, 2018 requesting additional time to file a bill of costs.  Defendants have not provided any justification for their untimely filing that rises to the level of "good cause" or "excusable neglect".  Accordingly, and for the reasons stated below, Defendants' request to file a bill of costs should be denied.

      As an initial matter, Defendants attempt to circumvent this bar by focusing on the summary judgment order dated March 29, 2018.  Defendants, however, do not contest the Commission's position that the entry of the voluntary dismissal was the "final judgment" in this case.  While Defendants also argue that none of the cases cited in the Commission's letter dated July 2, 2018 concern costs under Local Rule 54.1, that argument too is misplaced.  *See United States v. Acquest Wehrle, LLC*, 09-CV-637, 2017 U.S. Dist. LEXIS 181080 *4 (W.D.N.Y. November 1, 2017) (a claim under the Equal Access for Justice Act, which also must be filed within 30 days, runs from the filing of a stipulation of dismissal).  Nor can Defendants argue that they failed to appreciate that the entry of the voluntary dismissal would end the case.

      Second, now that the Commission has had an opportunity to review the costs that Defendants seek to recover, we do not believe that such recovery is permissible under the law.  FRCP 54 specifically provides that "costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law" and the securities laws do not allow Defendants to seek such costs.  *See* Securities Exchange Act of 1934 § 27 ("[n]o costs shall be assessed for or against the Commission in any proceeding under this title brought by or against in in the Supreme Court or such other courts"); Securities Act of 1933 § 22(a) (same); Investment Advisers Act of 1940 § 214 (same); s*ee also Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983) (sovereign immunity prevents awarding costs and attorney's fees against the government unless sovereign immunity has been waived).

1

Hon. George B. Daniels												July 9, 2018

     Moreover, most of the costs listed in Defendants' bill of costs are not even allowable under Local Rule 54.1.  For example, Defendants seek reporter fees for pre-trial proceedings before the Court.  Local Rule 54.1(c)(1), however, provides that only "trial transcript[s]" are taxable and that "[t]he cost of a transcript of Court proceedings prior to or subsequent to trial is taxable only when authorized in advance or ordered by the Court."  No such prior authorization took place.  Defendants also seek deposition costs that go well beyond the allowable original transcript of a deposition plus one copy, including videographer fees, which are not taxable costs at all.  Local Rule 54.1(c)(2).

     Defendants failed to submit their bill of costs within the thirty day period and, therefore, waived their right to seek such costs.  Because Defendants have not shown good cause for an extension of time and, even if a good cause exception could be made, because the costs Defendants seek are barred under the securities laws, the Court should deny Defendants' request for additional time to submit their bill of costs.

                                         Respectfully Submitted,

                                                 /s/ Todd D. Brody

cc:  Caryn Shechtman