```
USDC SDNY
DOCUMENT
ELECTRONICALLY FI[LED]
DOC #: _____
DATE FILED: JUL 1 7 2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SECURITIES AND EXCHANGE
COMMISSION,

                      Plaintiff,

-against-

YORKVILLE ADVISORS, LLC, MARK
ANGELO, and EDWARD SCHINIK,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER

12 Civ. 7728 (GBD)

GEORGE B. DANIELS, United States District Judge:

Before this Court is Defendants' letter dated June 28, 2018, requesting that this Court enter a final judgment in their favor so that they may file a bill of costs pursuant to Rule 54 of the Federal Rules of Civil Procedure and Local Civil Rule 54.1. (*See* ECF No. 229.)

By Memorandum Decision and Order dated March 29, 2018, this Court granted in part and denied in part Defendants' motion for summary judgment. (*See* ECF No. 225.) By so-ordered stipulation between the parties dated May 18, 2018, the above-captioned action was voluntarily dismissed with prejudice as to all Defendants pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. (*See* ECF No. 228.)

No specific terms of the parties' settlement are incorporated into the so-ordered stipulation of voluntary dismissal.[1] Because the stipulation of dismissal was entered on the parties' consent pursuant to Rule 41(a)(1)(A)(ii), it did not require the court's approval. *See Torres v. Walker*, 356

---

[1] The stipulation of dismissal with prejudice provides as follows: "IT IS HEREBY STIPULATED AND AGREED, by and between the parties and/or their respective counsel that the above-captioned action is voluntarily dismissed with prejudice against all defendants pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)." (*See* ECF No. 228.)

F.3d 238, 243 (2d Cir. 2004). Moreover, the addition of this Court's signature to the stipulation does not change the nature of the dismissal. *Id.*

Since the parties jointly executed a stipulation of voluntary dismissal, neither side is a prevailing party, and Defendants are not entitled to judgment in their favor and the recovery of costs from the U.S. Securities and Exchange Commission. *See Torres*, 356 F.3d at 244–45 (2d Cir. 2004) (a so-ordered stipulation of dismissal "does not carry with it a sufficient judicial imprimatur" to confer prevailing party status); *Chambers v. Time Warner, Inc.*, 279 F. Supp. 2d 362, 365 (S.D.N.Y. 2003) ("To be considered a prevailing party, there must be a 'judicially sanctioned change in the legal relationship of the parties.'") (quoting *Buckhannon Bd. and Home Care v. W. Va. Dept. of Health and Human Serv.*, 532 U.S. 598, 605 (2001)); Prac. in the S.D.N.Y. § 2:27 (2d ed.) (in this District, "[j]udgments are not prepared for stipulations of dismissal"); *see also* Fed. R. Civ. P. Civ. 54(d) ("[C]osts against the United States, its officers, and its agencies may be imposed only to the extent allowed by law."); *SEC v. Kaufman*, 835 F. Supp. 157, 159 (S.D.N.Y. 1993) ("Since section 27 of the Securities and Exchange Act expressly precludes recovery of costs against the Commission, [the defendant] cannot recover costs.").

Defendants' request that this Court enter final judgment in their favor so that they may file a bill of costs as a prevailing party pursuant to Federal Rule of Civil Procedure 54 and Local Rule 54.1 is DENIED.

Dated: July 17, 2018
      New York, New York

                                            SO ORDERED.

                                            GEORGE B. DANIELS
                                            UNITED STATES DISTRICT JUDGE